817 P.2d 1100

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Roger Allen GORHAM, Defendant–Appellant.**

No. 19276.

Court of Appeals of Idaho.

Oct. 2, 1991.

Robert C. Naftz of Whittier, McDougall, Souza, Murray & Clark, Chtd., Pocatello, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Roger Allen Gorham pled guilty to first degree burglary. I.C. §§ 18–1401, –1402. He appeals from the judgment of the district court imposing a unified sentence of eleven years in the custody of the Board of Correction, with a minimum period of confinement of three years. Gorham argues on appeal that his sentence is unreasonable and that the court abused its discretion by not granting a reduction of the sentence under I.C.R. 35. We affirm the judgment and the order denying relief under Rule 35.

### I. Sentence Review

Gorham's sentence is within the statutory maximum of fifteen years for first degree burglary. I.C. § 18–1403. Appellate review of a sentence is based on an

abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Gorham's actual term of confinement as three years. Gorham must establish that under any reasonable view of the facts a period of confinement of three years for his commission of the crime of first degree burglary was an abuse of discretion. This court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

In conducting a sentence review, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The facts underlying the charge of first degree burglary in this case are briefly summarized in the presentence report: on December 31, 1990, the victim reported to the Chubbuck Police Department that her 1985 Pontiac had been burglarized that evening and various items of value were removed from the car. When police officers searched the area, Gorham was located nearby trying to hide part of the stolen property behind some wooden crates. He was interviewed by an officer and confessed to burglarizing the Pontiac. He was arrested, charged with first degree burglary and, approximately three weeks later, pled guilty.

The district court in its sentencing comments noted Gorham's criminal record, which included prior convictions for first degree burglary in 1980, 1983 and 1984. Gorham had been released from custody on the 1984 conviction just five months before committing the burglary in this case. Based on his prior record, the court concluded that Gorham was not a fit candidate for probation. The court took into account the possibility of rehabilitation, and the factors of punishment, deterrence and protection of society in arriving at its sentencing decision. The court determined that a unified sentence of eleven years, with a three-year minimum period of confinement, should be imposed. The court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. In light of the sentencing criteria, we conclude that the sentence is reasonable.

## II. Rule 35 Review

Gorham was sentenced on February 25, 1991. He wrote a letter to the judge on March 7, essentially asking the court to reconsider the sentence imposed. The judge treated this letter as a motion under Rule 35, I.C.R., and scheduled a hearing within ten days. The hearing was continued, at Gorham's request, to April 1. On that date, the court entertained arguments from counsel on the merits of the motion and no evidence was submitted. Following the hearing, the court denied the Rule 35 application.

Where a sentence is not challenged as to its legality, a Rule 35 motion is a plea for leniency, addressed to the sound discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). We review the question on appeal to determine from the record whether the facts, if any, presented in connection with the Rule 35 motion show that the district court abused its discretion in failing to grant the

leniency requested. *State v. Wright*, 114 Idaho 451, 757 P.2d 714 (Ct.App.1988). The appellant bears the burden of showing that his original sentence was unduly severe. *Id.*

We have already determined that Gorham's sentence was reasonable when imposed. We find nothing in the record, presented subsequently, to support his argument that the sentence should have been reconsidered and reduced. We conclude that Gorham has failed to establish that the district court abused its discretion in denying his motion for reduction of his sentence.

The judgment of conviction for first degree burglary, including the sentence imposed, and the order denying relief under I.C.R. 35 are affirmed.