818 P.2d 336

**Conrad GOMEZ, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 18829.

Court of Appeals of Idaho.

July 24, 1991.

Petition for Review Withdrawn Oct. 30, 1991.

Jonathan W. Cottrell, Sandpoint, for petitioner-appellant.

Larry J. Echohawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

SILAK, Judge.

Conrad Gomez pled guilty to rape, pursuant to a negotiated plea agreement, and was sentenced on November 7, 1984, to a fifteen-year indeterminate sentence. Gomez appeals from an order of the district court of June 11, 1990, denying as untimely his motion for change of plea. I.C. § 19–4902. We affirm the order denying the motion to change plea.

The "Motion for Change of Plea" was filed by Gomez *pro se* on June 6, 1990, some five and one-half years after his judgment and sentence was entered by the district court. In its order denying the motion, the district court determined that it was without jurisdiction to consider the motion. Further, the court reasoned that even if the motion were deemed an application for post-conviction relief under the Idaho Uniform Post–Conviction Relief Act, I.C. § 19–4901, the court was without jurisdiction to consider the application because it was not filed within the limitation period of I.C. § 19–4902. *See Mellinger v. State*, 113 Idaho 31, 740 P.2d 73 (Ct.App.1987).

On appeal, Gomez challenges the dismissal order on several grounds: (1) that Gomez' motion for change of plea should have been treated as a writ of habeas corpus, as to which there is no applicable limitation period; and (2) that the district court erred by dismissing the motion without giving twenty days' notice of the intention to dismiss and allowing Gomez to respond. We address these issues in turn.

Faced with a motion for change of plea in a criminal case over which the district court had lost jurisdiction after judgment and sentence were pronounced, the district court correctly treated the motion

as an application for post-conviction relief. As our Supreme Court stated in *Dionne v. State*, 93 Idaho 235, 237, 459 P.2d 1017, 1019 (1969), "It is immaterial whether a petition or application is labeled Habeas Corpus or Post Conviction proceeding. Substance not form governs." Because Gomez' motion was a challenge to the validity of his conviction, in that he asserted that his plea was not knowingly and intelligently entered and that he was inadequately represented by counsel, the proper form in which to seek relief was through a petition for post-conviction relief.

■ Gomez' contention that his motion for change of plea should have been treated by the district court as a petition for writ of habeas corpus as to which no limitation period applies lacks merit. Although it is true that I.C. § 19–4201 is Idaho's codification of the writ of habeas corpus, I.C. § 19–4901 provides that the Idaho Post–Conviction Relief Act is the exclusive means for challenging the validity of a conviction or sentence. I.C. § 19–4901 provides in pertinent part as follows:

Except as otherwise provided in this act, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them.

■ Because Gomez' motion was properly treated as a petition for post-conviction relief, the limitation period established by I.C. § 19–4902 was applicable to the motion. I.C. § 19–4902 provides as follows:

**19–4902. Commencement of proceedings—Verification—Filing—Service.**— ... An application may be filed at any time within five (5) years from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceedings following an appeal, whichever is later.

The district court properly found that Gomez' "petition" was untimely. As noted above, the judgment and sentence was entered on November 5, 1984. Because Gomez took no appeal from the judgment of conviction, any petition for post-conviction relief had to have been filed within five years from November 5, 1984. Gomez' mo-

tion was not filed until five and one-half years later, on June 6, 1990.

■ The district court issued its "Order Denying Motion for Change of Plea" on June 11, 1990, without first giving notice to Gomez of its intention to dismiss on the basis that the court lacked jurisdiction over the motion because of its untimeliness. On appeal, Gomez challenges this course of action, based upon the procedures set forth in I.C. § 19–4906(b). That statute provides, in part:

(b) When the court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal.

■ The statutory language quoted above does not distinguish between a dismissal of a petition on the merits and dismissal due to a jurisdictional defect in the petition, such as untimeliness. Although the state argues that no interest would be served by applying the twenty-day notice period rule to cases in which the court dismisses a petition for untimeliness, we believe that in some instances there may be an opportunity for the petitioner to point out facts in the record which may support a claim of timeliness, thus avoiding the necessity to appeal the dismissal. Although in this case the district court erred by not following the twenty-day notice procedure required by the statute, we hold that the error is harmless because there is nothing in the record from which Gomez could have established the timeliness of his motion.

For the foregoing reasons, the order denying the motion for change of plea is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.