882 P.2d 985

**Jerry Dean MILLS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20823.

Court of Appeals of Idaho.

Sept. 6, 1994.

Petition for Review Denied Nov. 3, 1994.

Stewart A. Morris, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent. Myrna A.I. Stahman argued.

PERRY, Judge.

In this case we address the issue of whether a letter written by a defendant to a district judge qualifies as an application for post-conviction relief under Idaho Code § 19–4901. We also address the question of whether a motion brought under Idaho Criminal Rule 35 can toll the five-year limitation on post-conviction applications formerly imposed by Idaho Code § 19–4902.[1] On the facts of this case, we hold that the district court correctly ruled that the letter did not qualify as an application for post-conviction relief, and that the Rule 35 motion did not toll the time limitation of I.C. § 19–4902.

## FACTS AND PROCEDURE

On December 4, 1987, a judgment of conviction was entered against Jerry Dean Mills following his guilty pleas to two counts of robbery. Mills was sentenced on each count to twenty-five years in the custody of the Board of Correction, with a minimum term of twelve years' incarceration, to be served concurrently. No direct appeal was filed from the conviction. Mills escaped from custody in January of 1988 and wasn't recaptured until March of 1988, after the forty-two day deadline had passed for appeal from the judgment of conviction. In April of 1988,

---

1. The statute has since been amended to allow only a one-year period for filing a post-conviction relief application. 1993 Idaho Sess. Laws at 898.

Mills filed a motion for reduction of his sentences under I.C.R. 35. This motion was denied and Mills did not appeal from the denial. On May 28, 1993, Mills filed an application for post-conviction relief under I.C. § 19–4901, alleging ineffective assistance of counsel, an excessive sentence and breach of the plea agreement by the prosecution. The district court determined that the application was filed beyond the five-year limitation imposed by I.C. § 19–4902, and dismissed the application as untimely. Mills appeals the dismissal of his application, claiming that a May 1988 letter to the judge in his case should be considered as an application for post-conviction relief. In the letter, Mills complained that he had been unable to reach his attorney, and he asked the judge to check on the status of his appeal. Mills alternatively argues that there was an obvious conflict of interest with counsel regarding the Rule 35 procedure, and thus the time limit for a post-conviction relief application should begin to run from the date the Rule 35 motion was denied.

## ANALYSIS

■ We first note that there are no factual disputes in this case. The only question before us is whether the district court properly applied the requirements and time limits of Idaho's Uniform Post–Conviction Procedure Act, I.C. §§ 19–4901 through 19–4911. Therefore, because we are dealing with an application of law to established facts, we exercise free review over the district court's decision. *State v. O'Neill,* 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

■ The first question in this appeal is the timeliness of Mills' application for post-conviction relief. A judgment of conviction was entered on Mills' guilty pleas on December 4, 1987. Mills filed his application for post-conviction relief on May 28, 1993. Because no direct appeal was taken, and no other post-conviction motion was filed that would toll the running of the statute, Mills had five years and forty-two days to file an application for post-conviction relief. I.C. § 19–4902. Thus, the time for Mills to file a post-conviction application expired in mid-January 1993. Mills does not dispute that his May

1993 application was untimely, but asserts that a letter he wrote in May 1988 to the district judge who had handled his case should have been treated as an application for post-conviction relief. As an alternative, Mills argues that because there was a conflict of interest with his counsel, an I.C.R. 35 motion that was filed in 1988 should have served to toll the running of I.C. § 19–4902.

On May 25, 1988, Mills wrote a letter to the district judge handling the case. This letter was received by the district court on June 1, 1988, and stated:

I am writing to you in [illegible] to my lawyer Edward B. Odyssey. I have tryed to contact him several times by phone and have wrote him two letters. He has not ancered my letters nore will he accept my phone calls. Your honor back when you sentenced [illegible] December 4, 1987 I told my lawyer that I wanted to apeal the case on the grounds that the prosecutor did not hold to the ple bargon. He said OK he would file the appeal. When I did not hear from him I wrote a letter to him on Jan. 7, 1988 asking him if he has filed my apeal yet. I received no ancer. I tryed to call him he would not accept my calls. I then wrote him an other letter on April 8, 1988 he has not as of this time ancered my letter. I would like to ask you if you could find out what is going on with my apeal and also my lawyer. I do not know who else to ask about this matter. I would also like to know if it is posible to get a copy of the transcrips on all my cort aperences and time of sentencing.

Thank you for your time and help in this matter.

Mills argues that this letter should have constituted an application for post-conviction relief because it complied with the requirements of I.C. § 19–4903. Mills then argues that any defect for failure to provide a "verification" could have been cured if the court had given a notice of intent to dismiss under I.C. § 19–4906(b). Mills' argument is based on this Court's decision in *Freeman v. State, Dept. of Corrections,* 116 Idaho 985, 783 P.2d 324 (Ct.App.1989). In *Freeman,* we held that the better practice, when the court receives an unverified habeas corpus petition,

is to give notice of intent to dismiss so that the defect may be cured, rather than dismissing the petition outright. *Freeman* is not applicable to this case for the very reason that the district court never treated Mills' letter as an application. In order to give notice of its intent to dismiss the application for want of verification, the district court would have had to consider the letter to be an application, which it did not. The letter was never "dismissed" as an application, it was simply never treated as one. The facts of this case make *Freeman* inapplicable.

In dismissing Mills' 1993 application for post-conviction relief as untimely, the district court stated in regard to the letter that:

> Even under the broadest and most indulgent reading possible, this letter remains nothing more than what it appears to be: a letter advising the Court that he has been unable to contact his attorney concerning the status of his appeal. Nothing within this letter gives any indication that an appeal had not been filed. None of the requirements of I.C. §§ 19–4902 and 19–4903 are met by this unverified letter. In short, there is no basis in either law or fact for considering this letter to be an application for post-conviction relief.

We agree with the district court's conclusion. Idaho Code § 19–4903 governs the contents of post-conviction applications and requires that:

> The application shall identify the proceedings in which the applicant was convicted, give the date of the entry of the judgment and sentence complained of, specifically set forth the grounds upon which the application is based, and clearly state the relief desired. Facts within the personal knowledge of the applicant shall be set forth separately from other allegations of fact and shall be verified as provided in section 19–4902. Affidavits, records or other evidence supporting its allegations shall be attached to the application or the application shall recite why they are not attached. The application shall identify all previous proceedings, together with the grounds therein asserted, taken by the applicant to secure relief from his conviction or sentence. Argument, citations, and discussion of authorities are unnecessary.

Mills' letter does properly set forth the date of conviction. The letter does not, however, state any relief desired, set forth verified facts supporting the application that would entitle him to post-conviction relief, offer any other evidence for support of the claims, or identify any previous proceedings taken by the applicant to secure relief. In short, it is apparent that Mills did not intend this letter to be a motion of any kind, nor was it taken as such by the district court. Mills' *post hoc* attempts to avoid the time limitation of I.C. § 19–4902 cannot turn what is simply a letter to the court into something greater.

We do recognize that in other contexts and situations, courts have properly treated letters and documents from defendants as various types of motions and applications for post-conviction relief. *See e.g., Gomez v. State*, 120 Idaho 632, 818 P.2d 336 (Ct.App. 1991) (treating motion for change of plea as application for post-conviction relief) *and State v. Gorham*, 120 Idaho 576, 817 P.2d 1100 (Ct.App.1991) (treating letter to court as I.C.R. 35 motion). The facts of the case before us, however, adequately distinguish it from the situations in *Gorham, Gomez* and similar cases where the defendant affirmatively requested some relief or framed some correspondence as a motion. The district court properly ruled that Mills' letter could not be treated as an application for post-conviction relief.

▮ Secondly, we address Mills' argument that because of the problems he was having with his counsel when his Rule 35 motion was heard, the time limit imposed by I.C. § 19–4902 should not have begun running until October 3, 1988, the date the motion was denied. This argument is misdirected. If Mills had filed his Rule 35 motion within fourteen days of his conviction, it would have extended the time for appeal and therefore extended the time in which he could have properly filed an application for post-conviction relief. *See* I.A.R. 14(a). Mills did not file his Rule 35 motion until April 1988, so no such extension under Rule 14(a) was applicable here.

Mills did file his Rule 35 motion within the 120–day limit permitted by the rule. *See* I.C.R. 35. Because his application for post-conviction relief was filed more than five years after expiration of the period for appeal from the judgment of conviction, Mills is time-barred from obtaining post-conviction relief on either the conviction or the imposition of sentence. Nonetheless, his application was filed less than five years from disposition of the Rule 35 motion, he could still challenge his counsel's performance as to the Rule 35 motion only. However, none of the allegations in Mills' application for post-conviction relief relate to the Rule 35 motion. Although Mills argues on appeal that his attorney had a conflict of interest when the Rule 35 motion was heard, Mills' application does not allege that conflict or assert any ineffectiveness of counsel on the Rule 35 motion as a basis for post-conviction relief. Where no claim of deficiency in the presentation of a Rule 35 motion is raised as a ground for post-conviction relief, the filing of a Rule 35 motion beyond the fourteen-day limit provided by I.A.R. 14(a) does not extend the time for filing a post-conviction application.

As this Court has previously stated,

It would be contrary to the legislative intent of I.C. § 19–4902 to set a definite time limit upon challenges to convictions and sentences were we to allow the limitation period to be extended by the filing of a Rule 35 motion, when the denial of a Rule 35 motion is not itself reviewable under the Uniform Post–Conviction Procedure Act.

*Hanks v. State,* 121 Idaho 153, 155, 823 P.2d 187, 189 (Ct.App.1992) (footnote omitted).

The procedures as set forth in the statutes allow for the extension of time to file a post-conviction application in certain circumstances. None of those circumstances are present here. Therefore, we cannot say the district court erred when it refused to allow Mills' Rule 35 motion to extend the time for filing under the Uniform Post–Conviction Procedure Act.

### CONCLUSION

Our review of the application of the law to the facts of this case leads to the conclusion that the district court did not err. The letter written by Mills to the district judge was merely that, a letter. It did not serve as an application for post-conviction relief. Likewise, the subsequent filing of the Rule 35 motion under the facts of this case did not extend the deadline under I.C. § 19–4902 for filing an application for post-conviction relief. Therefore, the district court correctly dismissed Mills' application for post-conviction relief as untimely. The order dismissing the application is affirmed.

WALTERS, C.J., and LANSING, J., concur.