88 P.3d 776

**Antonio Meza SAYAS, Petitioner–Appellant,**

**v.**

**STATE of Idaho, Respondent.**

**No. 29402.**

Court of Appeals of Idaho.

Dec. 3, 2003.

Rehearing Denied Dec. 29, 2003.

Review Denied April 27, 2004.

Nevin, Benjamin McKay, LLP, Boise, for appellant. Dennis Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Ralph Reed Blount, Deputy Attorney General, Boise, for respondent. Ralph Reed Blount argued.

GUTIERREZ, Judge.

Antonio Meza Sayas appeals from the order of the district court summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL SUMMARY

Meza Sayas pled guilty to one count of first degree murder and was sentenced to life in prison with thirty years determinate. The judgment of conviction and sentence were entered on March 7, 1997. Approximately eight months after the judgment was filed, Meza Sayas sent his trial counsel a letter in which he explained "once again" that he needed his legal papers in order to file a post-conviction relief petition. Meza Sayas did not receive a response to this letter, so two weeks later he wrote once more. Again, Meza Sayas did not receive a satisfactory reply, although at some point he did receive a short note informing him that his files had been transferred to a new public defender.

Eleven months after judgment had been entered, in January of 1998, Meza Sayas wrote to the trial court. In that letter, Meza Sayas explained that he had been unsuccessful in his attempts to retrieve his case file, that he did not speak or write English well, and that he needed assistance to complete a post-conviction relief petition. Meza Sayas specifically asked the court whether there was "anything at all that you can do to help me?" The court made no response to Meza Sayas, but did forward the letter to Meza Sayas' trial attorney.

On December 7, 2000, Meza Sayas filed a petition for post-conviction relief, with the help of a new public defender. In his petition, Meza Sayas alleged that his guilty plea had been involuntary, that he did not kill the victim with premeditation, that he had acted in self-defense, and that he had repeatedly asked his attorney to file an appeal and a timely post-conviction relief petition. The state filed an answer asserting that Meza Sayas' petition was not timely under Idaho Code § 19-4902, as well as a motion for summary disposition seeking dismissal on that same basis.

The district court announced that it intended to dismiss the petition because it was filed after the time limitation imposed in I.C. § 19-4902. Meza Sayas filed a response in which he again asserted his difficulties with

the English language, added that he had asked the district court in his 1998 letter to appoint counsel for him to assist him in preparation of a post-conviction relief petition, and noted that the 1998 letter had been sent within the time limitation period. The district court dismissed the petition as untimely, and Meza Sayas now appeals.

## II.

## ANALYSIS

Meza Sayas asserts that because he has raised genuine issues of material fact regarding his denial of access to Idaho courts, the district court erred in summarily dismissing his petition for post-conviction relief.

■ Idaho Code § 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to a motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept the applicant's mere conclusory allegations unsupported by admissible evidence or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

■ On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the non-moving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

■ Idaho Code § 19–4902(a) requires that a post-conviction proceeding be commenced by filing a petition "any time within one (1) year from the expiration of the time for appeal or from the determination of an *appeal or from the determination of proceedings* following an appeal, whichever is later." Meza Sayas did not appeal the entry of judgment, and so had one year and forty-two days in which to file a petition for post-conviction relief. The failure to file a timely petition is a basis for dismissal of the petition. *Evensiosky v. State,* 136 Idaho 189, 30 P.3d 967 (2001). However, the time limitation may be enlarged if the defendant has been effectively denied access to the courts. *Anderson v. State,* 133 Idaho 788, 792, 992 P.2d 783, 787 (Ct.App.1999). Meza Sayas argues that he was effectively denied access to the Idaho courts, and that the limitation period should therefore have been tolled. The district court disagreed, and found that the facts and circumstances of this case did not warrant a tolling of the statute of limitations.

Meza Sayas premises his conclusion that he was denied access to the Idaho courts on his inability to secure access to his case file. Meza Sayas offers evidence that he contacted his trial attorney on at least two occasions requesting his case file and that he sent a letter to the trial court seeking assistance in securing his case file. Though Meza Sayas did receive notice that his case had been transferred to a new public defender, he was not otherwise contacted by either the trial court or his attorney.

■ The relationship between access to a case file and access to Idaho courts is too attenuated to bear the weight accorded it by Meza Sayas. Idaho Code § 19–4903 describes the necessary contents of a petition as follows:

The application shall identify the proceedings in which the applicant was convicted, give the date of the entry of the judgment and sentence complained of, specifically set forth the grounds upon which the application is based, and clearly state the relief

desired. Facts within the personal knowledge of the applicant shall be set forth separately from other allegations of facts and shall be verified as provided in section 19–4902. Affidavits, records, or other evidence supporting its allegations shall be attached to the application or the application shall recite why they are not attached. The application shall identify all previous proceedings, together with the grounds therein asserted, taken by the applicant to secure relief from his conviction or sentence. Argument, citations, and discussion of authorities are unnecessary.

Nothing in the Uniform Post–Conviction Procedure Act requires the petitioner to obtain the records from his underlying criminal case as a prerequisite to filing a petition. In fact, I.C. § 19–4906(a) places that burden on the state: "If the application is not accompanied by the record of the proceedings challenged therein, the respondent shall file with its answer the record or portions thereof that are material to the questions raised in the application." Meza Sayas' contention that he could not file a post-conviction relief petition without access to his case file is therefore unpersuasive.

■ Meza Sayas argues that, because of his inability to speak or write in English, his untimely filing should be excused by application of the equitable tolling doctrine. In Idaho, equitable tolling of the statute of limitations for filing a post-conviction relief petition has been recognized: (1) where the petitioner was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials; (2) and where mental disease and/or psychotropic medication renders a petitioner incompetent and prevents petitioner from earlier pursuing challenges to his conviction. *See Isaak v. State,* 132 Idaho 369, 370 n. 1, 972 P.2d 1097, 1098 n. 1 (Ct.App.1999).

Meza Sayas does not fall within the situations heretofore recognized by Idaho for application of the equitable tolling doctrine. While there may be circumstances in which a language barrier would legitimately give rise to an access to court claim for purposes of extending the filing deadline, such is not the case here. It is evident that Meza Sayas had access to bilingual assistance while incarcerated, and was able to adequately explain his circumstances to this person in order for the letters to his trial counsel as well as the trial court to be written. In his letter to the district court Meza Sayas indicated his desire to file a petition for post-conviction relief, but gives no reason why the bilingual personnel available to him could not assist with preparation of the same.[1]

■ As to Meza Sayas' assertion that his letter to the judge should be considered the functional equivalent of a request for new counsel, we are unable to agree. In other contexts, a letter to a trial court from a defendant can be treated as some type of motion or application for post-conviction relief. *See e.g., Gomez v. State,* 120 Idaho 632, 818 P.2d 336 (Ct.App.1991) (motion for change of plea treated as application for post-conviction relief); *State v. Gorham,* 120 Idaho 576, 817 P.2d 1100 (Ct.App.1991) (letter to court treated as Idaho Criminal Rule 35 motion). However, the facts of the case before us are more analogous to those in *Mills v. State,* 126 Idaho 330, 882 P.2d 985 (Ct.App.1994), where a defendant's letter to a judge, even "under the broadest and most indulgent reading possible" remained nothing more than a letter advising the court that he has been unable to contact his attorney regarding the status of his appeal. *Id.* at 332, 882 P.2d at 987.

Other than asserting that he is unable to adequately speak, read, or write English, Meza Sayas has offered no cogent argument as to why his petition was filed two and one-half years beyond the statutory time limit. Although the circumstances Meza Sayas has experienced are unfortunate, they do not establish a basis for applying the equitable tolling doctrine.

## III.

## CONCLUSION

The district court correctly determined that no genuine issues of material fact exist-

---

**1.** Meza Sayas did indicate that "it would save a lot of trouble" if the inmate law clerk had a copy of his file.

ed and properly applied the law in declining to toll the statute of limitations. Therefore, we find no error in the district court's dismissal of Meza Sayas' petition for post-conviction relief. We affirm.

Chief Judge LANSING and Judge PERRY concur.