IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 35951

| KENT RICHARD ELLIS, | ) | 2010 Unpublished Opinion No. 558 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: July 22, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. James F. Judd, Senior District Judge.

Order summarily dismissing second successive application for post-conviction relief, affirmed.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Kent Richard Ellis appeals from the district court's summary dismissal of his second successive application for post-conviction relief.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1999, Ellis pled guilty to two counts of battery with intent to commit rape and one count of rape.  On appeal, this Court affirmed Ellis's judgment of conviction and sentence.  *State v. Ellis*, Docket No. 26444 (Ct. App. August 20, 2001) (unpublished).  In 2002, Ellis filed his first application for post-conviction relief alleging that he received ineffective assistance of counsel because counsel failed to object to the psychosexual report.  Ellis amended the application to include claims that counsel was ineffective for failing to discover scientific articles critical of testing procedures involved with the psychosexual evaluation, and that counsel should have requested a second evaluation.  This Court affirmed the district court's dismissal of the

1

application for post-conviction relief. *Ellis v. State*, Docket No. 31299 (Ct. App. January 4, 2006) (unpublished). In 2005, Ellis filed his first successive application for post-conviction relief which the district court dismissed and the appeal therefrom was later dismissed on Ellis's motion.

Ellis's second successive application for post-conviction relief was filed on December 31, 2007. In the second successive application, Ellis claimed that his counsel was ineffective in regard to counsel's advice relative to Ellis's participation in the psychosexual evaluation. Ellis further claimed that the Idaho Supreme Court's decision in *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006), should be applied retroactively. In response to a motion for summary disposition filed by the State, the district court originally held that *Estrada* was retroactive and, therefore Ellis's current application related back to the filing of his original application. On reconsideration, the district court, on the assumption that its decision that *Estrada* was retroactive was correct, held that since the second successive application was not filed within one year of the *Estrada* decision, the application was untimely. The district court dismissed the second successive application and this appeal followed.

## II.

## ANALYSIS

Ellis claims that the district court erred because the second successive post-conviction application was filed within one year of the remittitur of the *Estrada* decision, was filed within a reasonable time after *Estrada* became final, and/or that the time for filing should be tolled due to Ellis's incarceration out-of-state. The State contends that Ellis's arguments fail because they are premised, like the district court's decision, on the erroneous conclusion that *Estrada* is to be given retroactive application and that Ellis has demonstrated no entitlement to tolling of the limitation period.

The State is correct that *Estrada* is not retroactive. The Idaho Supreme Court has held, by way of dicta, that *Estrada* did not announce a new rule of law, *Vavold v. State*, 148 Idaho 44, 45, 218 P.3d 388, 389 (2009), and that this Court has similarly held that the *Estrada* decision did not announce a new rule that would be subject to retroactive application. *See Kriebel v. State*, 148 Idaho 188, 191, 219 P.3d 1204, 1207 (Ct. App. 2009). This Court's holding in *Kriebel* is controlling precedent in the absence of any Idaho Supreme Court holding to the contrary. Since

*Estrada* is not retroactive, Ellis's claim that his second successive post-conviction application is timely, based on the finality of the *Estrada* decision, is without merit.

Ellis argues that the statute of limitations should be tolled on due process grounds and because he had limited access to Idaho resources during his incarceration out-of-state. Idaho has recognized equitable tolling relating to post-conviction applications where the applicant was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials, and where mental disease and/or psychotropic medication renders an applicant incompetent and prevents the applicant from earlier pursuing challenges to his conviction. *Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003). Additionally, Idaho has recognized that tolling may be available if the asserted claims raise important due process issues. *Rhoades v. State*, 148 Idaho 247, 250-51, 220 P.3d 1066, 1069-70 (2009). Even claims raising important due process issues are deemed waived, however, if not brought within a reasonable time of when the claims were known or should have been known. *Id*. The Supreme Court has "repeatedly held that ineffective assistance of counsel claims can or should be known after trial." *Id*. at 253, 220 P.3d at 1072. The advice of Ellis's counsel concerning the psychosexual evaluation occurred in April of 2002 and his second successive application was not filed until December of 2007. Ellis's incarceration out-of-state from March of 2006 to September of 2008 did not deprive him of the ability to timely file for post-conviction relief. The second successive application was not timely filed.[1]

### III.

### CONCLUSION

Ellis's second successive application for post-conviction relief was untimely. Accordingly, the district court's order summarily dismissing Ellis's second successive application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**

---

[1]     We affirm the district court on the correct theory. *McKinney v. State*, 133 Idaho 695, 700, 992 P.2d 144, 149 (1999).