## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 40649

| | | |
|---|---|---|
| PABLO MENDOZA MERAZ, | ) | 2013 Unpublished Opinion No. 768 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 26, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed.

Pablo Mendoza Meraz, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Pablo Mendoza Meraz appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts and proceedings relating to Meraz's first petition for post-conviction relief are set forth by the district court in its order giving Meraz notice of its intent to dismiss his successive petition for post-conviction relief:

> Following Petitioner's trial before a jury in the instant action, verdicts were returned on January 15, 1993, finding him guilty of four counts of trafficking in heroin and one count of conspiracy to deliver heroin. On March 5, 1993, a Judgment and Commitment entered, sentencing Petitioner to a term of life in prison with the first twenty years fixed for the offense of conspiracy to deliver heroin and a term of seven years with the first three years fixed for each of the counts of trafficking in heroin; each to run consecutively to the other, but concurrently with the sentence for conspiracy to deliver heroin. Petitioner

1

appealed this judgment; however, the Supreme Court of Idaho dismissed that appeal and a Remittitur entered on March 4, 1994. Thereafter, Petitioner sought to reinstate his appeal which was denied by the Idaho Supreme Court in its Order Denying Motion to Reinstate Appeal dated October 6, 2000. Petitioner subsequently filed a motion titled Correction of Illegal Sentence (Rule 35) which the Court denied in its Order Denying Motion for Correction of Sentence entered on April 9, 2007. Petitioner appealed this decision; however, the Idaho Court of Appeals affirmed the trial court in a decision filed on November 9, 2007, for which a Remittitur entered on February 4, 2008. On June 23, 2010, Petitioner filed his first post-conviction petition in Case No. CV-PC-2010-12700, well past one year from the final remittitur by the Idaho Court of Appeals and more than sixteen years from the remittitur following the Idaho Supreme Court's dismissal of the appeal of his Judgment of Conviction and Commitment, and therefore untimely. See I.C. § 19-4902(a). The Court entered its Order Denying Motion for Appointment of Counsel and Notice of Intent to Dismiss the Application for Post-Conviction Relief as to Petitioner's first petition on December 9, 2010. Having waited more than twenty days and having received no response from Petitioner, the Court entered its Order dismissing Petitioner's first petition on January 10, 2011.

On October 4, 2012, Meraz filed a successive petition for post-conviction relief and a motion and affidavit in support for appointment of counsel. The district court denied the motion for appointment of counsel and provided notice of its intent to dismiss the successive petition. Meraz responded to the court's notice of intent to dismiss; thereafter, the district court issued a memorandum decision and order dismissing the successive petition. Meraz timely appeals.

## II.

## ANALYSIS

Meraz claims that the district court erred by summarily dismissing his successive petition for post-conviction relief as untimely. Our review of the district court's construction and application of the limitations statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, or from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

2

Idaho appellate courts have recognized equitable tolling in post-conviction relief cases where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials, and where mental disease or psychotropic medication renders the petitioner incompetent and unable to timely file. *Judd v. State*, 148 Idaho 22, 25-26, 218 P.3d 1, 4-5 (Ct. App. 2009). In addition, in some circumstances, commencement of the limitations period may be delayed until the petitioner discovers the facts giving rise to the claim. *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (Ct. App. 2011).

If an initial post-conviction action was timely filed, an inmate may file a subsequent application outside of the one-year limitation period if the court finds a ground for relief asserted which, for sufficient reason, was not asserted or was inadequately raised in the original, supplemental, or amended application. I.C. § 19-4908. *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Failing to provide a post-conviction applicant with a meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008); *Hernandez v. State*, 133 Idaho 794, 799, 992 P.2d 789, 794 (Ct. App. 1999). *See also Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996); *Mellinger v. State*, 113 Idaho 31, 35, 740 P.2d 73, 77 (Ct. App. 1987).

In the instant case, Meraz filed a successive petition claiming that he was innocent of the crime charged, that there was insufficient evidence to convict him of conspiracy to deliver heroin, and that his trial counsel provided ineffective assistance by failing to object to the admission of prejudicial statements, failing to object to the omission of certain jury instructions, and failing to present witnesses to impeach the testimony of the State's key witness. The State argued that the petition was subject to summary dismissal because the claims related to Meraz's trial in 1993 and therefore, the petition was untimely. The district court provided Meraz with notice of its intent to dismiss the petition on the basis that the petition was untimely and Meraz failed to assert facts sufficient to raise the possibility of a valid claim for equitable tolling. Meraz responded that his petition should be subject to equitable tolling because it would constitute a fundamental miscarriage of justice if his claims were not heard. Thereafter, the district court dismissed the petition finding that it was untimely and that Meraz failed to establish a basis for tolling the applicable statute of limitations.

3

On appeal, Meraz claims that the statute of limitations should be tolled because: (1) his trial counsel provided ineffective assistance of counsel; and (2) he does not speak, read, or write English and all the legal materials accessible to him were in the English language.[1] As to his first contention, Meraz claims that his trial counsel's ineffective assistance led to his incarceration even though he was innocent of any wrongdoing. Specifically, Meraz claims that his trial counsel failed to object to omitted jury instructions and failed to impeach the testimony of certain witnesses. These alleged deficiencies occurred during the 1993 criminal trial. When determining if a petition is timely, ineffective assistance of counsel claims are presumed to be known when they occur. *State v. Rhoades*, 120 Idaho 795, 807, 820 P.2d 665, 677 (1991). Therefore, Meraz knew, or should have known, about the alleged ineffective assistance of his trial counsel immediately following his 1993 trial. Accordingly, Meraz had one year from the issuance of the remittitur of his direct appeal to file a petition for post-conviction relief asserting ineffective assistance of his trial counsel. The remittitur was issued on March, 4, 1994; thus, the petition was required to be filed by March 4, 1995. Additionally, the alleged ineffective assistance of counsel claim could have been raised in Meraz's initial petition for post-conviction relief. Meraz has failed to establish sufficient reason as to why this claim should be considered

---

[1] Meraz also points to *Murray v. Carrier*, 477 U.S. 478 (1986), for support that his petition should be considered on its merits notwithstanding its untimeliness. In *Murray*, the United States Supreme Court held that for purposes of federal habeas corpus petitions, defense counsel's failure to raise a particular claim on direct appeal was to be scrutinized under the cause and prejudice standard, as established by *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), when that failure is treated as a procedural default by the state courts. *Murray*, 477 U.S. at 492. The Supreme Court also stated that in cases where a petitioner claimed to be a victim of a fundamental miscarriage of justice, the petitioner will generally meet the cause and prejudice standard. However, in extraordinary instances where a constitutional violation has probably resulted in the conviction of an innocent person, a federal habeas court may grant the writ of habeas corpus even in the absence of a showing of cause for the procedural default. *Id.* at 495-96. Based on the Supreme Court's ruling, Meraz claims that his successive petition should be considered on its merits because it would constitute a fundamental miscarriage of justice if it were not. However, the Supreme Court was not setting forth a requirement applicable to state claims for post-conviction relief. Indeed, *Murray* has no application to these proceedings and, therefore, we will not rely on it. Meraz points to no controlling state case or any state statute that entitles him to file a successive post-conviction petition after the expiration of the statute of limitations.

in his successive petition. Moreover, a successive petition may only be filed if the initial petition was timely. Meraz's first petition was not timely as to claims attacking his conviction.

Meraz's second contention is similar to the petitioner's argument in *Sayas v. State*, 139 Idaho 957, 88 P.3d 776 (Ct. App. 2003), where Sayas argued that a language barrier should permit equitable tolling. *Id.* at 960, 88 P.3d at 779. This Court concluded that although the assertion was that Sayas was unable to speak, read, or write English, Sayas offered no "cogent argument as to why his petition was filed two and one-half years beyond the statutory time limit." *Id.* Similarly here, Meraz argues his language barrier should toll the statute of limitations, but provides no justifiable argument explaining why his petition was delayed over seventeen years. Finally, Meraz has not demonstrated that any of his claims were unknown, yet raise important due process issues. *See Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009).

Based on the foregoing, we conclude that the district court did not err when it summarily dismissed Meraz's successive petition on the basis that it was untimely. Meraz filed his successive petition seventeen years after the statute of limitations ran and has provided no justification for equitable tolling or just cause for filing a successive petition.

## III.

## CONCLUSION

Meraz has failed to demonstrate reversible error. Accordingly, the district court's order summarily dismissing his successive petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**