**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41826**

| | | |
|---|---|---|
| **LLOYD JAMES BROWN,** | ) | **2014 Unpublished Opinion No. 801** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: November 6, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Fred M. Gibler, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Lloyd James Brown, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Lloyd James Brown was convicted of trafficking in heroin. He filed a post-conviction action claiming that his attorney provided ineffective assistance of counsel. However, that action was dismissed on several grounds, including timeliness. Brown appeals and argues that the dismissal was improper.

**I.**

**BACKGROUND**

Brown pleaded guilty to trafficking in heroin in violation of Idaho Code § 37-2732B. He was convicted and the court imposed a sentence of twelve years' imprisonment with five years fixed. Brown did not take an appeal. However, he did file a petition for post-conviction relief and a request for the appointment of counsel two years after the judgment of conviction was entered. This case concerns the disposition of that action.

1

In his petition, Brown raised three claims for relief, but did not offer any explanation for the untimeliness of his petition. The State filed an answer, asserting the statute of limitations as an affirmative defense. The district court issued a notice of intent to dismiss on the basis that the petition was untimely and gave notice that it would deny the motion seeking the appointment of counsel because counsel could not cure that deficiency. Brown responded to the notice of intent to dismiss and appears to have argued that he was entitled to tolling because he did not know whether defense counsel had filed an appeal from the judgment of conviction. He also claimed that *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012) stands for the proposition that his claims could not be procedurally barred.

The district court responded by filing an amended notice of its intent to dismiss. The district court held that the petition was untimely. It also noted that even if tolling might have been appropriate in some other case, it was not appropriate in Brown's case because he had waived his right to appeal.[1] Brown responded, raising many of the same challenges he raises on appeal, but the district court entered its judgment dismissing the case.

## II.

## ANALYSIS

On appeal, Brown argues: (1) the district court was not authorized to file an amended notice of intent to dismiss; (2) pursuant to *Martinez*, ___ U.S. ___, 132 S. Ct. 1309, 1315 and *Trevino v. Thaler*, ___ U.S. ___, ___, 133 S. Ct. 1911, 1921 (2013), his claims of error cannot be dismissed on procedural grounds; (3) the district court should have appointed counsel to represent him in the post-conviction action; (4) he is entitled to equitable tolling of the statute of limitations because he was unaware that defense counsel had failed to file an appeal and therefore unaware that the time to file a post-conviction action was running; (5) although he waived an appeal of his conviction, and entered into a binding plea agreement indicating that the fixed portion of his sentence would be five years, he did not waive his right to appeal the propriety of the indeterminate portion of his sentence; and (6) although he expressly waived the

---

[1] Although the district court referenced a binding plea agreement, we have no record of that agreement because neither party has supplemented the record with any materials from the underlying criminal action. Per the district court's recitation of facts, Brown expressly waived his right to seek suppression of evidence. He also agreed to a five-year fixed period of incarceration with open argument as to the indeterminate portion of the sentence.

right to challenge the suppression issue, he did not waive the right to file a post-conviction action alleging that counsel was ineffective for failing to file a suppression motion. We consider the first four issues in turn, and conclude that we need not reach the other issues.

**A.**      **The Court Did Not Err by Filing an Amended Notice of Intent to Dismiss**

Brown argues that the procedures applied to his case were irregular and improper. He contends that no rule authorizes the district court to file an amended notice of intent to dismiss and that permitting the court to do so prejudices him because the filing of repeated notices limits his access to an evidentiary hearing. Both arguments are meritless.

Idaho Code § 19-4906 authorizes the court to file a notice of intent to dismiss when it "is satisfied . . . that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings." The rule does not preclude multiple notices; instead, it authorizes the filing of a notice of intent to dismiss when the court believes that certain conditions have occurred. Because those conditions may occur multiple times, the rule implicitly authorizes the filing of multiple notices of intent to dismiss. Moreover, our rules generally support the notion that it is proper to fix errors or to address incompleteness at an early point rather than permit the error to taint the remainder of a proceeding. *See, e.g.*, Idaho Rule of Civil Procedure 11(a)(2)(B) (authorizing motions to reconsider); *Dunlap v. State*, 141 Idaho 50, 58, 106 P.3d 376, 384 (2004) ("Rule 59 [of Idaho Rules of Civil Procedure] is a mechanism designed to allow the trial court either on its own initiative or on motion by the parties to correct errors both of fact and law that had occurred in its proceedings." (internal quotations omitted)).

Brown's equitable argument is also unpersuasive. Because so many petitions for post-conviction relief are procedurally improper or otherwise obviously meritless, the rule permits a court to address certain claims without a hearing. Permitting a court to amend its notice allows the court to correct errors or clarify its notice where it believes that dismissal is proper, but the original basis for dismissal was erroneous or incomplete. Brown's contention that district courts will abandon their fidelity to justice and the rule of law and choose to endlessly file meritless notices of intent to dismiss, limiting a petitioner's access to evidentiary hearings, is frivolous. There was no error in the district court's issuance of a second notice of intent to dismiss.

**B.** *Martinez* **Does Not Bar the Dismissal of This Case on Procedural Grounds**

Brown argues that *Martinez* stands for the proposition that his case cannot be dismissed on procedural grounds. This argument is without merit.[2] The scope of the Supreme Court's holding in *Martinez* is narrow and inapplicable to state court proceedings. *Martinez* does not limit the authority of a state trial court to dismiss a case on procedural grounds. Instead, *Martinez* addressed the limited category of cases in which a federal habeas petitioner shows "cause" and "prejudice" sufficient to permit a federal court to reach the merits of a prisoner's federal case despite an earlier state procedural ruling. In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at ___, 132 S. Ct. at 1315.

In this case, the district court was not required to determine and was not authorized to determine whether a procedural bar would be applied in a federal habeas case because, quite simply, it is not a federal habeas court. Accordingly, arguments tending to show that a procedural bar should not be applied in federal habeas corpus proceedings are inapt.

Furthermore, *Martinez* does not abrogate state authority; rather, it explicitly recognizes a state's authority to require a petitioner to comply with procedural rules and further recognizes that state cases decided on procedural grounds are entitled to the "respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Id*. at ___, 132 S. Ct. at 1316. Accordingly, we limit our review to determining whether the dismissal comports with Idaho law.

**C.** **Because the District Court Did Not Appoint Counsel, We Must Determine Whether Brown Alleged Facts That Raised the Possibility of a Valid Claim**

Generally, in order to determine whether the district court properly summarily dismissed a petition for post-conviction relief, we must determine whether "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is

_____

[2]    In *Trevino v. Thaler*, ___ U.S. ___, ___, 133 S. Ct. 1911, 1921 (2013), the Supreme Court held that the *Martinez* rule applies in states where a defendant *may* raise ineffective assistance of counsel claims in a direct appeal but usually lacks a "meaningful opportunity" to do so before his first collateral proceeding. Because the underlying rule is the same and *Trevino* merely extends that rule, we limit our discussion above to the holding in *Martinez*.

4

entitled to judgment as a matter of law." I.C. § 19-4906(c). In such a case, we would exercise free review over questions of law and determine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg v. State*, 131 Idaho 517, 519, 960 P.2d 738, 740 (1998); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). Here, however, because the district court denied Brown's request for counsel, we apply a different standard of review.

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition, in the trial court, and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004).

If a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In determining whether to appoint counsel pursuant to Section 19-4904, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004).

## D.    Brown Did Not Show That He Was Entitled to Equitable Tolling

A petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal in the criminal case or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a); *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The failure to file a timely petition is a basis for dismissal of the petition. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

Brown argues that the untimeliness of his petition should be excused pursuant to the principle of equitable tolling. "The bar for equitable tolling for post-conviction actions is high."

*Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005). "American courts generally have applied equitable tolling only in rare and exceptional circumstances beyond the petitioner's control that prevented him or her from filing a timely petition." *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009). This Court "has recognized instances of equitable tolling '(1) where the petitioner was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials; (2) and where mental disease and/or psychotropic medication renders a petitioner incompetent and prevents petitioner from earlier pursuing challenges to his conviction.'" *Rhoades v. State*, 148 Idaho 247, 251, 220 P.3d 1066, 1070 (2009). We have repeatedly and consistently held that equitable tolling will not be applied where circumstances merely make it more difficult to file a petition or where a petitioner's own inaction causes him or her to file outside of the statute of limitations. *See Sayas*, 139 Idaho at 960, 88 P.3d at 779 (equitable tolling was denied even where the petitioner spoke only Spanish because bilingual aid was available); *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (Ct. App. 2011) (holding that tolling is not allowed for a petitioner's own inaction).

In this case, Brown did not allege facts that raise the possibility of a circumstance calling for equitable tolling. The filing of an appeal in the underlying criminal case tolls the deadline to file a petition for post-conviction relief, I.C. § 19-4902(a), but no appeal was filed in Brown's case. Even if Brown believed that his attorney filed an appeal, Brown has not described any circumstance that would make it reasonable for him to wait two years to investigate whether an appeal had been filed. Assuming that Brown did not waive his right to appeal, the defense attorney's failure to file an appeal did not prevent Brown from timely filing a petition for post-conviction relief; no rule prohibits filing a post-conviction action while an appeal is pending. This circumstance is even less of an impediment than the difficulty presented in the *Sayas* case, where the petitioner was incapable of speaking or reading legal materials written in English. Moreover, permitting equitable tolling here would be inconsistent with the cases in which we have held that a petitioner's inaction cannot be grounds for equitable tolling. On this record, it appears that Brown did not know that an appeal had not been filed because he made no effort for more than two years to determine whether an appeal had been filed or to ask about the status of an appeal that he believed had been filed. Accordingly, we conclude that equitable tolling is not applicable. Because the action was properly dismissed on timeliness grounds, we need not

6

determine whether the case could also be dismissed on the alternate ground that Brown waived his right to appeal.

## III.

## CONCLUSION

For the foregoing reasons, the judgment of the district court dismissing Brown's petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**