858 P.2d 820

**Michael W. HOFFMAN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20125.

Court of Appeals of Idaho.

Aug. 10, 1993.

Petition for Review Denied Sept. 17, 1993.

Alan E. Trimming, Ada County Public Defender; Steven A. Botimer, Deputy Public Defender, Boise, for petitioner-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for respondent.

Before LANSING and SWANSTROM,* JJ., and WESTON, J. pro tem.

PER CURIAM.

Michael Hoffman filed an application for post-conviction relief in the district court, seeking to have his conviction for murder in the first-degree set aside on the ground that his guilty plea had resulted from ineffective assistance of counsel. Following an evidentiary hearing the district court dismissed Hoffman's application for post-conviction relief on the merits. We affirm.

This is Hoffman's third appeal stemming from his murder conviction. In 1982 Hoffman was charged with first-degree murder under I.C. § 18–4003(a) for an allegedly premeditated shooting. At the time he was twenty-two years old and had a tenth grade education. The court appointed counsel to represent him. A plea agreement was reached by which Hoffman pled guilty to the first-degree murder charge in exchange for the prosecutor's agreement not to re-

---

* Judge Swanstrom concurred in this opinion prior to his resignation July 31, 1993.

quest the death penalty and to dismiss other felony charges that were pending against Hoffman in other cases. In accordance with the negotiated agreement, Hoffman pled guilty to first-degree murder, and a judgment of conviction was entered on November 17, 1982. He was initially sentenced to a "fixed indeterminate" life sentence. On Hoffman's appeal of the conviction and sentence this Court affirmed the conviction but remanded for resentencing to resolve ambiguity in the original sentence. *State v. Hoffman,* 108 Idaho 720, 701 P.2d 668 (Ct.App.1985). On June 13, 1985, the district court resentenced Hoffman to a fixed term of life imprisonment. Hoffman then appealed the second sentence, and this Court affirmed. *State v. Hoffman,* 111 Idaho 966, 729 P.2d 441 (Ct. App.1986).

In December 1990, Hoffman filed the application for post-conviction relief that is the subject of this appeal. The petition alleged that his conviction should be set aside and he should be allowed to withdraw his guilty plea because of alleged deficiencies in the performance of his counsel. The focus of Hoffman's argument on this appeal is that his attorney did not adequately explain to him the elements of the crime of *first-degree murder under* I.C. § 18–4003(a) before allowing Hoffman to plead guilty to that offense. Hoffman asserts that he was prejudiced by this failing of his attorney because, had he understood the elements that the state would have had to prove, particularly the premeditation element, he would not have pled guilty.

After conducting an evidentiary hearing at which both Hoffman and his former counsel testified, the district court found that Hoffman had not met his burden of proof on his allegations and dismissed the petition. From that determination Hoffman takes this, his third appeal.

▪ The state argues that we need not reach the merits of Hoffman's contentions because his application for post-conviction relief was time-barred. Idaho Code § 19–4902, as in effect at the commencement of Hoffman's post-conviction proceeding, provided that an application for post-conviction relief "may be filed at any time within five (5) years from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." If the five-year period began to run on June 13, 1985, when Hoffman was resentenced following his first appeal (i.e., if the resentencing constituted the "determination of a proceeding following an appeal" from which the five-year period began to run), then his application for post-conviction relief was time-barred. On the other hand, if the limitation period did not commence until disposition of the second appeal, the application was timely. The state contends that for purposes of computing the five-year period, Hoffman's second appeal following his resentencing should be disregarded. We decline to determine this timeliness issue because the state failed to raise it below. We will not consider issues presented for the first time on appeal. *State v. Lavy,* 121 Idaho 842, 828 P.2d 871 (1992); *State v. Mauro,* 121 Idaho 178, 824 P.2d 109 (1991).

▪ We turn then to Hoffman's contention that the district court erred in finding that Hoffman failed to prove his claim of ineffective assistance of counsel. On appeal of a trial court's decision after an evidentiary hearing on an application for post-conviction relief, we will not set aside the court's findings of fact unless they are clearly erroneous. I.R.C.P. 52(a). Accordingly, if the district court's findings are supported by substantial, competent evidence, they will not be disturbed on appeal. *Rueth v. State,* 103 Idaho 74, 644 P.2d 1333 (1982); *Russell v. State,* 118 Idaho 65, 794 P.2d 654 (Ct.App.1990).

▪ The post-conviction proceeding initiated by Hoffman was an independent civil action, not an extension of the criminal proceeding. Therefore, the burden of proof was borne by Hoffman, not by the state. *Gonzales v. State,* 120 Idaho 759, 819 P.2d 1159 (Ct.App.1991). In order to prevail on his claim of ineffective assistance of counsel, Hoffman was required to meet a two-level test. It was incumbent

upon him to prove, first, that his counsel's performance was deficient and, second, that Hoffman was prejudiced by counsel's inadequate performance. *Aragon v. State,* 114 Idaho 758, 760 P.2d 1174 (1988); *State v. Roles,* 122 Idaho 138, 832 P.2d 311 (Ct. App.1992). To establish deficiency in performance, a claimant must prove that counsel's representation "fell below an *objective* standard of reasonableness." *Aragon,* 114 Idaho at 760, 760 P.2d at 1176 (1988).

 After considering the testimony of Hoffman and his former counsel, the district court found that Hoffman's attorney had met all reasonable standards of performance in representing Hoffman and that defense counsel fully and ably advised Hoffman of all applicable rights that he was waiving by entering his guilty plea. These findings are well supported by substantial evidence in the record. Hoffman testified that counsel met with him at least three to four times at the jail prior to his sentencing hearing and that they had other meetings at the courthouse in advance of court appearances. Hoffman conceded that counsel had explained the elements of the crime of first-degree murder to him, though he denied fully understanding the explanation with respect to the premeditation element. Hoffman's former counsel testified that he had thoroughly reviewed with Hoffman the elements of the crime of first-degree murder and what the state would have to show to prove those elements. While the attorney acknowledged that Hoffman initially expressed confusion as to the elements of the offense, he also stated that over time this confusion was dispelled. The attorney was comfortable at the time the guilty plea was entered that Hoffman understood the elements of first-degree murder, including premeditation, that the state would be required to prove. We note also that during the hearing at which Hoffman pled guilty, the trial court meticulously explained the elements of first-degree murder, including malice aforethought and premeditation, and that the court allowed Hoffman to further consult with counsel about the elements of the crime before Hoffman's guilty plea was accepted. There is ample evidence supporting the district court's finding that there was no deficiency in the performance of Hoffman's attorney.

Because Hoffman did not meet his burden of proving that his attorney's performance was inadequate, we need not consider his assertions that he was prejudiced by his attorney's alleged failings. The order of the district court dismissing the application for post-conviction relief is affirmed.