992 P.2d 783

**Edward T. ANDERSON, Petitioner–Appellant,**

**v.**

**STATE of Idaho, Respondent.**

No. 24879.

Court of Appeals of Idaho.

Nov. 3, 1999.

Salladay & Harrigfeld, Boise, for appellant. John A. Miller argued.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger II, Deputy Attorney General, Boise, for respondent. T. Paul Krueger II argued.

LANSING, Judge.

Edward T. Anderson appeals from a district court order that summarily dismissed his application for post-conviction relief after the court found that the statute of limitations barred Anderson's claims. Because Anderson was not allowed to present evidence in support of his claim that the limitation period should be tolled, we reverse.

## I.

## FACTS AND PROCEDURAL BACKGROUND

In 1991, Anderson was convicted of two counts of lewd conduct with a minor child under sixteen, Idaho Code § 18–1508. He filed an appeal from that conviction, but the appeal was ultimately dismissed by the Idaho Supreme Court in December 1991.

Six years later, in December 1997, Anderson filed a pro se application for post-conviction relief and an affidavit in support. In his application, Anderson asserted a number of violations of his constitutional rights stemming from alleged improprieties in a pre-arrest interrogation, due process violations during the trial proceedings, and ineffective assistance of counsel at trial. An attorney was appointed to represent Anderson in the post-conviction action.

The State filed an answer and subsequently filed a motion to dismiss the case, arguing that Anderson's application had been filed outside of the one-year statute of limitations established by I.C. § 19–4902.[1] On May 1, 1998, the district court held a hearing on the State's motion. Anderson argued, through counsel,[2] that his application should not be dismissed for a number of reasons, including: (1) that the State had waived the statute of limitations defense by not raising it as an affirmative defense in its answer, and (2) that the limitation period had been tolled because Anderson was mentally incompetent during most of the period following his conviction. Anderson was at the hearing, and his attorney sought to present Anderson's testimony in support of his claim of mental incompetence. The prosecutor objected that she had received no notice that a witness would be called to testify at the hearing and therefore had been unaware of the need to secure rebuttal witnesses. In response to the prosecutor's objection, the court granted a two-week continuance of the hearing. After rescheduling the hearing, the court stated: "I'll expect any testimony we have in this matter. For the record, I'll allow Mr. Anderson … to testify. And I'll let [the State] bring any rebuttal testimony." The court also indicated that it was taking under advisement Anderson's argument that the statute of limitations defense had been waived by the State through failure to plead that defense in its answer.

At the next hearing on May 15, 1998, Anderson was again present with his attor-

---

1. Idaho Code § 19–4902 provides in part:
   A proceeding is commenced by filing an application verified by the applicant with the clerk of the district court in which the conviction took place. An application may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later.

2. Anderson is represented by a different attorney on appeal.

ney and available to testify. However, the district court directed the parties to submit briefs addressing whether mental incapacity could toll the statute of limitations under § 19–4902, and the court deferred an evidentiary hearing until it resolved this legal issue.

The State thereafter filed a motion to amend its answer to allege the statute of limitations as an affirmative defense. A third hearing was held on June 17, 1988, at which the district court granted the State's motion to amend. At the third hearing Anderson filed a brief in support of his contention that a convicted defendant's mental incompetence would toll the statute of limitations for a post-conviction relief action. The court again took this legal issue under advisement.

Approximately three weeks later, without having received Anderson's testimony regarding his alleged mental incapacity, the district court issued a memorandum decision and order granting the State's motion to dismiss. In its decision, the district court recognized that in *Abbott v. State*, 129 Idaho 381, 924 P.2d 1225 (Ct.App.1996), this Court held that the statute of limitations for a post-conviction relief action may be tolled where the applicant was prevented from timely filing his action by incapacitating mental illness or the effects of psychotropic medication. The district court concluded, however, that Anderson could not rely upon this tolling argument because his application for post-conviction relief did not allege that he had been mentally incompetent. The absence of this allegation in the application, the court held, was fatal to Anderson's claim.

Anderson appeals, arguing, *inter alia*, (a) that the district court erred in imposing a procedural requirement that an applicant allege facts in his application sufficient to rebut a potential statute of limitations defense that might be raised by the State, and (b) that the district court improperly deprived Anderson of the opportunity to present evidence that mental illness had prevented him from filing

his post-conviction relief action within the limitation period. The State responds that under I.C. § 19–4902, the timely filing of an application is jurisdictional and that it is an applicant's burden to plead and prove facts sufficient to confer the required jurisdiction. The State also asserts that, even if timeliness is not jurisdictional, Anderson's failure to present any evidence of his alleged mental incompetence justified the summary dismissal of his action.

## II.

## ANALYSIS

### A. Compliance with the Statute of Limitations Is Not Jurisdictional.

We first consider the State's argument that compliance with the statute of limitations for post-conviction actions is jurisdictional and that an application for post-conviction relief is therefore subject to dismissal if it does not allege facts that show compliance with this jurisdictional requirement.

We begin by noting that although post-conviction relief actions emerge from a criminal case, they are new actions, separate from the criminal prosecution, and are civil in nature. *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Roman v. State*, 125 Idaho 644, 648, 873 P.2d 898, 902 (Ct.App.1994). As such, they are generally governed by the Idaho Rules of Civil Procedure other than the rules of discovery. Idaho Criminal Rule 57(b);[3] *Paradis, supra; State v. Goodrich*, 104 Idaho 469, 471, 660 P.2d 934, 936 (1983). Under the civil rules, compliance with the governing statute of limitations is not a requirement for subject matter jurisdiction; rather, the time bar of the statute of limitations is an affirmative defense that may be waived if it is not pleaded by the defendant. I.R.C.P. 8(c); *Resource Engineering, Inc. v. Siler*, 94 Idaho 935, 500 P.2d 836 (1972); *Hartwell Corp. v. Smith*, 107 Idaho 134, 138, 686 P.2d 79, 83

---

3. Rule 57(b) states:
    (b) **Filing and processing.** The petition for post-conviction relief shall be filed by the clerk of the court as a separate civil case and be processed under the Idaho Rules of Civil Pro-

cedure except as otherwise ordered by the trial court; provided the provisions for discovery in the Idaho Rules of Civil Procedure shall· not apply to the proceedings unless and only to the extent ordered by the trial court.

(Ct.App.1984). Consequently, in *Hoffman v. State,* 124 Idaho 281, 282, 858 P.2d 820, 821 (Ct.App.1993), we declined to consider the statute of limitations defense in a post-conviction action where the defense was raised for the first time on appeal.

To support its argument on this point, the State relies upon *Gomez v. State,* 120 Idaho 632, 634, 818 P.2d 336, 338 (Ct.App.1991), where, in dicta, we referred to the untimeliness of a post-conviction relief action as a "jurisdictional defect." That dicta is inconsistent with I.R.C.P. 8(c) and is hereby disapproved. We find no merit in the State's argument that the district court lacked jurisdiction because Anderson had not alleged facts showing compliance with the statute of limitations.

**B. It Is Not Necessary for a Post–Conviction Relief Application to Allege Facts that Will Toll the Statute of Limitations.**

■ The district court rejected Anderson's assertion, presented through a brief and argument of counsel, that the one-year limitation period had been tolled by Anderson's mental illness. The district court held that the absence of an allegation of mental incompetence in Anderson's application for post-conviction relief precluded his reliance on such response to the statute of limitations defense. We find the district court's reasoning to be flawed. Although it would be prudent for an applicant to allege facts which he contends would avoid the time bar when an application is filed outside the one-year period specified in § 19–4902, the absence of such allegations in the initial pleading is not fatal to an applicant's claims.

■ We have often observed that I.C. § 19–4903 requires that an application for post-conviction relief contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *Fairchild v. State,* 128 Idaho 311,

315, 912 P.2d 679, 683 (Ct.App.1996); *Chouinard v. State,* 127 Idaho 836, 838, 907 P.2d 813, 815 (Ct.App.1995); *January v. State,* 127 Idaho 634, 636, 903 P.2d 1331, 1333 (Ct.App.1995). An application for post-conviction relief is required to be verified with respect to the facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why the supporting evidence is absent. I.C. § 19–4903. However, Anderson's asserted mental incompetence following his incarceration, which allegedly prevented him from pursuing his post-conviction relief action, is not an element of his claim for relief; it is a response to the State's affirmative defense that the claim is time barred. Therefore, it was not necessary for Anderson to include allegations about his post-conviction mental health in the application for hearing. To hold otherwise would require inmates, who are untrained in the law and are generally acting without the benefit of counsel in the preparation of their applications, to anticipate possible affirmative defenses and negate them even before the affirmative defense has been pleaded. In our view, justice would not be served by such a rule. Moreover, as discussed below, even when an application for post-conviction relief is insufficient to state a claim, the court may not dismiss the action without first affording the applicant notice and an opportunity to cure the deficiency.

**C. Anderson Was Deprived of the Opportunity to Present Evidence in Response to the State's Motion to Dismiss.**

■ We next consider Anderson's contention that the district court improperly dismissed his action without allowing him to present evidence supporting his claim that the statute of limitations was tolled by Anderson's mental illness.[4]

---

4. The State properly raised the statute of limitations defense by its motion for summary dismissal even though the State had not theretofore asserted this defense in its answer. *See Bluestone v. Mathewson,* 103 Idaho 453, 455, 649 P.2d 1209, 1211 (1982) (holding that counterdefendant who had not raised affirmative defense

of statute of frauds in her reply to counterclaim could properly raise the defense for the first time in a summary judgment motion); *Callenders, Inc. v. Beckman,* 120 Idaho 169, 174, 814 P.2d 429, 434 (Ct.App.1991) ("Although it is preferred to plead affirmative defenses in original pleadings,

■ Summary dismissal of a post-conviction relief action is permissible where the evidence raises no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. I.C. § 19–4906; *Remington v. State,* 127 Idaho 443, 446, 901 P.2d 1344, 1347 (Ct.App.1995); *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App. 1991); *Hoover v. State,* 114 Idaho 145, 754 P.2d 458 (Ct.App.1988). However, when a motion for summary dismissal has been filed, the applicant must be given twenty days to respond, so as to have an opportunity to establish a material factual issue. *Saykhamchone v. State,* 127 Idaho 319, 900 P.2d 795 (1995); *State v. Christensen,* 102 Idaho 487, 632 P.2d 676 (1981); *Flores v. State,* 128 Idaho 476, 478, 915 P.2d 38, 40 (Ct.App.1996); *Follinus v. State,* 127 Idaho 897, 901, 908 P.2d 590, 594 (Ct.App.1995); *Remington,* 127 Idaho at 448, 901 P.2d at 1349. Thus, even if the factual assertions in the application are insufficient to make a prima facie showing of a right to relief, during the twenty-day period for response to the dismissal motion the applicant is entitled to present supplemental evidence to support the claims. *See Saykhamchone, supra; Flores, supra.*

■ An applicant's factual showing in response to a motion for summary dismissal must ordinarily be made by affidavits, court records and transcripts from the criminal proceedings, and other documentary evidence; an applicant is ordinarily *not* entitled to an evidentiary hearing at which testimony will be taken unless the applicant has shown the existence of a factual issue for trial. *Hoover,* 114 Idaho at 146, 754 P.2d at 459.[5] In this case, Anderson did not respond to the State's motion with an affidavit or other documentary evidence of facts that would toll the statute of limitations. This absence of any evidence from Anderson would ordinarily justify a dismissal of his case. However, because of the peculiar procedural development of this case in the trial court, we con-

clude that Anderson was unfairly deprived of an opportunity to present evidence in opposition to the State's motion.

■ At the initial hearing, when Anderson's attorney expressed the intent to have Anderson testify, the prosecutor did not object, nor did the court hold, that oral testimony was impermissible. Rather, the prosecutor objected that she should have an opportunity to have rebuttal witnesses who could hear Anderson's testimony. The trial court then rescheduled the hearing for two weeks later to allow the State to obtain rebuttal witnesses. At the conclusion of the initial hearing, the court specifically informed the parties that it "would allow Mr. Anderson ... to testify" at the next hearing. However, at that next hearing, the court requested briefing on the legal issues presented by the motion and delayed taking testimony. At the third and final hearing, the court again took legal issues under advisement and did not allow the presentation of testimony. Ultimately, the district court dismissed the action without ever having received oral testimony from Anderson, on the erroneous basis that Anderson could not rely on mental incapacity to toll the statute of limitations because he had not alleged such tolling in his application. Anderson was thus deprived of the opportunity to present evidence responsive to the State's motion.

Although Anderson's initial expectation that he could respond to the motion by presenting oral testimony at the hearing was unwarranted and contrary to the law governing such proceedings, when the district court nonetheless informed Anderson that such testimony would be allowed at a subsequent hearing, Anderson became justified in relying upon that promised opportunity. Had the court correctly informed Anderson that he was not entitled to present oral testimony on a motion for summary dismissal, he might have sought and obtained leave of court to file belated affidavits. Accordingly, the summary dismissal of Anderson's application

---

those defenses may also be pled for the first time in a motion for summary judgment.").

**5.** The same principle applies in other types of civil actions when a motion for summary judgment has been made under I.R.C.P. 56. On such

a motion, the parties are not entitled to present oral testimony at the hearing on the motion. *Golay v. Loomis,* 118 Idaho 387, 391, 797 P.2d 95, 99 (1990).

must be vacated to afford Anderson a chance to present evidence of facts that would prevent the running of the statute of limitations.

### III.

### CONCLUSION

The absence from Anderson's application of factual allegations that would toll the statute of limitations was neither a jurisdictional defect nor a basis for summary dismissal of his action without an opportunity for Anderson to present evidence of such facts in response to the State's motion. Anderson was deprived of the opportunity to present this evidence after having been informed by the court that he would be allowed to do so through oral testimony. Consequently, the district court's order granting the State's motion to dismiss is vacated and the case is remanded for further proceedings. On remand, if the State reasserts its motion, Anderson must be allowed the requisite twenty days to respond with documentary evidence; he will not be entitled to testify at any hearing on the motion.

The district court's order of summary dismissal is vacated, and this case is remanded for further proceedings consistent with this opinion.

Chief Judge PERRY, and Judge Pro Tem MOSS, concur.