Salvador MARTINEZ, Petitioner–Appellant,

v.

Joe KLAUSER, Warden, Respondent–Appellee.

No. 00–35422.

United States Court of Appeals, Ninth Circuit.

Sept. 18, 2001.

Argued and Submitted Jan. 10, 2001

Memorandum Disposition
Filed June 5, 2001

Withdrawn Sept. 12, 2001

Filed Sept. 18, 2001

Andrew H. Parnes, Ketchum, Idaho, for the petitioner-appellant.

Kenneth Robins, DAG, Boise, Idaho, for the respondent-appellee.

Before: McKEOWN, W. FLETCHER, and RAWLINSON, Circuit Judges.

### ORDER AND OPINION

WILLIAM A. FLETCHER, Circuit Judge:

### ORDER

This court's Memorandum disposition, filed June 5, 2001, is hereby withdrawn. The attached Opinion is filed in its place.

The petition for rehearing and petition for rehearing en banc, filed June 29, 2001, are denied as moot.

### OPINION

Salvador Martinez appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court dismissed the petition on grounds of procedural default based on Martinez's untimely filing of his petition for post-conviction relief in Idaho state court. Because we hold that the state court dismissed Martinez's post-conviction petition pursuant to a state procedural rule that was not "clear, consistently applied, and well-established," we reverse the district court.

On June 12, 1990, an Idaho state court jury found Martinez guilty of several crimes under Idaho law. The Idaho Court of Appeals subsequently affirmed Martinez's convictions and sentence. *See State v. Martinez*, 122 Idaho 193, 832 P.2d 764 (Ct.App.1992). On June 21, 1995, Martinez filed in Idaho trial court a petition for post-conviction relief under Idaho's Uniform Post–Conviction Procedure Act, Idaho Code § 19–4901 *et seq.* The State of Idaho filed an answer on August 2, 1995. Idaho's answer did not mention the one-year statute of limitations for post-conviction actions provided in Idaho Code § 19–4902.

The trial court raised the statute of limitations sua sponte in a Notice of Intent to Dismiss filed on November 3, 1995. In so doing, it acted pursuant to Idaho Code § 19–4906(b), which provides, in pertinent part,

When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal.

After receiving Martinez's reply, the trial court dismissed the petition as untimely.

On direct appeal of this decision, Martinez argued that the state had waived the

statute of limitations defense by failing to raise it in its answer to his petition. Martinez cited Idaho Rule of Civil Procedure 8(c), which states that the statute of limitations is an affirmative defense. The Idaho Court of Appeals rejected the argument and denied Martinez's petition for review. The court held that

> [u]nder the terms of [§ 19–4906(b) ], a trial court, in determining whether the applicant "is not entitled to post-conviction relief," is not limited to defenses pleaded by the State. Indeed, the trial court may issue a notice of its intent to dismiss before the State has filed any response whatsoever to the application.

*Martinez v. State,* 130 Idaho 530, 944 P.2d 127, 130 (Ct.App.1997). The Court of Appeals cited no prior Idaho case law supporting its holding that Idaho Code § 19–4906(b) allows the trial court to raise a statute of limitations defense that the state had not asserted in its answer. The State of Idaho has not cited to us any other case-decided either before or after Martinez's case-that reads the statute in this way. Based on the briefs of the parties and on our own research, we believe that Martinez's case is the only Idaho case so holding.

Subsequent Idaho case law appears to contradict the Idaho Court of Appeals' holding in this case. First, in *Anderson v. State,* 133 Idaho 788, 992 P.2d 783 (Ct.App. 1999), the Idaho Court of Appeals held in a post-conviction petition case that a statute of limitations defect is not jurisdictional and can be waived:

> [Post-conviction petitions] are generally governed by the Idaho Rules of Civil Procedure.... Under the civil rules, compliance with the governing statute of limitations is not a requirement for subject matter jurisdiction; rather, the time bar of the statute of limitations is an

affirmative defense that may be waived if it is not pleaded by the defendant. *Id.* at 786. *Anderson* noted that an earlier Court of Appeals case, *Gomez v. State,* 120 Idaho 632, 818 P.2d 336, 338 (Ct.App.1991), had called a statute of limitations problem a "jurisdictional defect," but *Anderson* explicitly disavowed that statement as dictum inconsistent with Idaho Rule of Civil Procedure 8(c). *See* 992 P.2d at 787.

Second, the Idaho Supreme Court in *Cole v. State,* 135 Idaho 107, 15 P.3d 820 (2000), held in a post-conviction petition case that failure by the state to assert a statute of limitations defense in its answer waives the defense. Citing Idaho Rule of Civil Procedure 8(c) and quoting from the passage from *Anderson* quoted above, *Cole* held that "[b]ecause the state failed to raise the statute of limitations defense at the district court and this is not a jurisdictional issue which may be raised at any time, the defense has been waived." 15 P.3d at 823. Neither *Anderson* nor *Cole* acknowledged the existence of the Court of Appeals' decision in Martinez's case.

In light of *Anderson* and *Cole,* we have serious doubt about whether the Idaho trial court was authorized to dismiss Martinez's petition based on the statute of limitations after the state failed to assert that defense in its answer. Whether the trial court had authority to act as it did is not, however, the precise question before us. Rather, we must decide whether the rule pursuant to which the Idaho trial court dismissed Martinez's petition is sufficient basis for finding a procedural default that bars relief in federal court.

■■■ "In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass,* 28 F.3d 1005, 1010 (9th Cir.1994).

Given the absence of prior authority supporting the Idaho trial court's decision, and the indications in *Anderson* and *Cole* that the decision may have been contrary to Idaho law, we hold that dismissal of Martinez's petition was not pursuant to a "clear, consistently applied, and well-established" state procedural rule. Accordingly, we reverse and remand to allow Martinez to proceed with the merits of his habeas petition.

REVERSED AND REMANDED.