**Mack Darrell ROMAINE,**
**Petitioner–Appellant,**

v.

**Grant WOODS, Attorney General;**
**Terry L. Stewart Respondents–**
**Appellees.**

No. 98–17356.

D.C. No. CV–97–02403 (PGR).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted on Oct. 12, 2001.

Decided Dec. 6, 2001.

Before PREGERSON and
RAWLINSON, Circuit Judges, and
WEINER,* District Judge.

MEMORANDUM **

Petitioner–Appellant Mack Darrell Romaine ("Romaine") appeals the district court's dismissal of his habeas petition as time-barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 *et seq.*, and, in the alternative, as procedurally barred as a matter of Arizona law. Romaine's motion to broaden the certificate of appealability to include both issues is GRANTED. For the reasons that follow, we REVERSE the district court's dismissal.

Romaine's appeal turns on whether his Petition for Review of the Arizona Superi-

or Court's dismissal of his state Rule 32 Petition was "timely filed" as a matter of Arizona law. Romaine's Petition for Review was due on September 18, 1995. As a matter of clearly established Arizona law, Romaine's Petition for Review was timely "filed" on September 16, 1995, the date that it was signed and submitted by Romaine to prison officials for forwarding to the court. *State v. Rosario,* 195 Ariz. 264, 987 P.2d 226, 228 (Ariz.Ct.App.1999); *Mayer v. State,* 184 Ariz. 242, 908 P.2d 56, 58 (Ariz.Ct.App.1995). Because the Petition for Review was "properly filed," AEDPA's one-year statute of limitations was tolled throughout the time that Romaine's Rule 32 Petition was pending in Arizona state court. *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). Romaine's federal habeas petition was, therefore, timely filed.

The Arizona Court of Appeals, in its "last reasoned opinion" regarding Romaine's state Rule 32 Petition, incorrectly found that Romaine's Petition for Review was filed on September 19, 1995 (the day that it was received by the court), not on September 17, 1995 (the day that it was received by prison authorities), and incorrectly concluded, therefore, that it was untimely filed. *Lambright v. Stewart,* 241 F.3d 1201, 1205 (9th Cir.2001). This conclusion is contrary to the above-described Arizona law that is "clear, consistently applied, and well-established," *see Wells v. Maass,* 28 F.3d 1005, 1010 (9th Cir.1994), and is not, therefore, an independent and adequate state ground precluding federal habeas review of Romaine's claims, *see Martinez v. Klauser,* 266 F.3d 1091, 1093–94 (9th Cir.2001).

---

* The Honorable Charles R. Weiner, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

We reverse the district court's decision and remand for further proceedings consistent with the views expressed herein.

REVERSED AND REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.