**Brett Dagan JONES, Petitioner—Appellant,**

v.

**E.K. McDANIEL; Attorney General State of Nevada, Respondents—Appellees.**

No. 08–15458.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2009.

Filed April 2, 2009.

Lori C. Teicher, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Conrad Hafen, Esquire, Thom Gover, Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: WALLACE, THOMAS and BYBEE, Circuit Judges.

## MEMORANDUM *

Jones appeals from the district court's dismissal of his petition for writ of habeas corpus and its denial of his request for a *Rhines* stay and abeyance. *See Rhines v. Weber,* 544 U.S. 269, 277–78, 125

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

S.Ct. 1528, 161 L.Ed.2d 440 (2005). The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

Jones did not fairly present his habeas claims regarding his plea agreement to the Nevada state courts, a prerequisite to the federal court's consideration of those claims. 28 U.S.C. § 2254(b); *Casey v. Moore*, 386 F.3d 896, 915–16 (9th Cir. 2004). Jones' presentation of his claims in the first instance to the Nevada Supreme Court in a motion to remand did not constitute fair presentation. *See* Nev.Rev. Stat. § 34.738 (requiring claims for a post-conviction petition for writ of habeas corpus to be filed in the first instance with state trial court); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir.1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation" of the claim for habeas purposes).

 We do not accept Jones' argument that he is excused from exhausting his claims before the Nevada state courts because he has not shown that "circumstances exist that render such [state] process ineffective to protect [his] rights." *See* 28 U.S.C. § 2254(b)(1)(B)(ii). The state trial court did not commit a procedural error or mistake of law that improperly barred consideration of claims related to Jones' habeas petition. *Cf. Martinez v. Klauser*, 266 F.3d 1091, 1092–94 (9th Cir. 2001) (reversing Idaho state court's dismissal of habeas petition based on state statute of limitations because law was not "clear, consistently applied, and well-established"). Further, none of the alleged errors of the Nevada state courts rise to the level of rendering the state process so ineffective that it cannot afford Jones re-lief on the claims set forth in his federal habeas petition.

Jones is not excused from exhausting his claims before the Nevada state courts because of possible futility due to procedural bars. Nevada courts may excuse procedural bars of untimely or successive filings if a petitioner shows good cause and prejudice. Nev.Rev.Stat. §§ 34.726(1), 34.810(3). This same standard must also be met in federal courts to overcome the effect of a state court procedural default. *See Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir.2005) ("A federal claim that is defaulted in state court pursuant to an adequate and independent procedural bar may not be considered in federal court unless the petitioner demonstrates cause and prejudice for the default"). A Nevada state remedy is still possibly available to Jones. Therefore, returning to state court is not futile.

The district court did not abuse its discretion by disallowing Jones' request for a *Rhines* stay and abeyance. A *Rhines* stay is only available for a mixed habeas petition where at least some claims have been exhausted, and none of Jones' habeas claims were exhausted. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.2006).

**AFFIRMED.**