**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46179**

| | |
|---|---|
| **BYRON LEE SANCHEZ,** ) | |
| ) | **Filed: October 28, 2020** |
| **Petitioner-Appellant,** ) | |
| ) | **Melanie Gagnepain, Clerk** |
| **v.** ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| **STATE OF IDAHO,** ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| **Respondent.** ) | |
| ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. Susan E. Wiebe, District Judge.

Order dismissing second amended petition for post-conviction relief, <u>affirmed</u>.

Byron L. Sanchez, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Byron Lee Sanchez appeals from the district court's order dismissing his second amended petition for post-conviction relief. Sanchez alleges the district court erred because: (1) the time for filing a petition for post-conviction relief should have been tolled as to his untimely claims; (2) the trial court's relinquishment of jurisdiction violated his due process rights; (3) the trial court's relinquishment of jurisdiction violated his Sixth Amendment rights; (4) his Idaho Criminal Rule 35 counsel provided ineffective assistance during the Idaho Criminal Rule 35 proceedings; and (5) the district court wrongly prohibited him from raising a claim of actual innocence and declined to consider evidence to support this claim during the evidentiary hearing. For the reasons asserted below, we affirm the district court's order dismissing Sanchez's second amended petition for post-conviction relief.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

After challenging his son to a duel with two loaded guns, the State charged Sanchez with aggravated assault with a deadly weapon enhancement, possession of a controlled substance with the intent to deliver, and possession of drug paraphernalia. Pursuant to a plea agreement, Sanchez pled guilty to an amended charge of felony injury to a child and the State agreed to dismiss the other charges.

On May 27, 2014, the district court accepted Sanchez's guilty plea and on July 28, 2014, sentenced him to a unified sentence of ten years, with two years determinate, and retained jurisdiction. Sanchez was placed in the Therapeutic Community program during the period of retained jurisdiction. Based on Sanchez's failure to successfully participate in and complete the program, the Idaho Department of Correction (Department) filed an amended presentence investigation report (APSI) recommending the district court relinquish jurisdiction over Sanchez. On March 18, 2015, the district court relinquished jurisdiction.[1] Sanchez filed a Rule 35 motion to reduce his sentence, and the district court denied the motion. Sanchez did not appeal from his judgment of conviction or from the district court's denial of his Rule 35 motion.

On March 18, 2016, Sanchez filed a pro se petition for post-conviction relief, seeking to withdraw his guilty plea. Sanchez asserted: (1) his guilty plea was obtained under duress and was based upon a false premise; (2) he did not commit felony injury to a child because he did not injure a child; and (3) his trial counsel rendered ineffective assistance. The district court appointed Sanchez post-conviction counsel. Through counsel, Sanchez filed an amended petition for post-conviction relief which reiterated his original claims and expanded his ineffective assistance claim, asserting that his trial counsel had a conflict of interest and failed to provide Sanchez with discovery, assert proper defenses, file a motion to suppress, advise Sanchez of the consequences of pleading guilty, and present exculpatory evidence. Sanchez

---

[1] Sanchez's presentence investigation report and amended presentence investigation report are not included in the record on appeal. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.*

alleged that but for trial counsel's errors, Sanchez would have been "acquitted" of the injury to child charge.

Subsequently, Sanchez's post-conviction counsel filed a second amended petition for post-conviction relief, which incorporated by reference the claims Sanchez asserted in his pro se petition and asserted additional claims of ineffective assistance of counsel during the Rule 35 proceedings and due process violations relating to the relinquishment of jurisdiction.[2] The State filed a motion to dismiss and a motion to strike Sanchez's second amended petition. The district court denied the motion to dismiss, but granted the motion to strike the portions of Sanchez's second amended petition that incorporated by reference each of the claims from Sanchez's first pro se petition for post-conviction relief. The district court gave Sanchez additional time to file a new amended petition, but Sanchez did not do so. The State answered Sanchez's second amended petition and moved for summary dismissal.

Throughout the course of the post-conviction proceedings, Sanchez filed multiple pro se motions. The district court declined to consider Sanchez's motions because Sanchez was represented by post-conviction counsel.

The district court held an evidentiary hearing on Sanchez's second amended petition for post-conviction relief. Sanchez represented himself, but his appointed post-conviction counsel remained as stand-by counsel in the event Sanchez needed assistance with procedural issues. During the hearing, the district court reminded Sanchez that the only petition before the court was Sanchez's second amended petition for post-conviction relief and the claims raised in his first pro se petition were no longer properly before the district court and thus, were beyond the scope of the hearing.

After the presentation of evidence, the district court made oral findings of fact and conclusions of law. The district found that Sanchez's claims relating to ineffective assistance of trial counsel were not timely filed as Sanchez filed his first petition for post-conviction relief 599 days after the judgment of conviction, well beyond the one-year filing deadline. Nonetheless, the district court found that, even if the claims were timely filed, they failed on the merits. First, the district court found Sanchez did not demonstrate that he was prejudiced by his assertions of ineffective assistance of trial counsel. Second, the district court found it was clear from the

---

[2] During the post-sentencing and post-conviction proceedings, Sanchez was represented by a series of court-appointed conflict counsel.

3

change of plea advisory form and the transcript of the change of plea hearing that Sanchez knew the trial court did not have to follow the plea agreement and Sanchez could not withdraw his plea in the event he was not placed on probation and placed into a drug court program. Finally, the district court found that Sanchez's trial counsel did not have a conflict of interest with Sanchez because counsel withdrew from the representation that may have caused a conflict once counsel was aware of the potential issue.

Additionally, the district court found that dismissal was also appropriate for Sanchez's timely claims. First, the district court found that Sanchez did not establish ineffective assistance of Rule 35 counsel because Sanchez did not show that he was prejudiced by counsel's actions. Second, the district court found that Sanchez's rights were not violated during the relinquishment proceedings because Sanchez was given an opportunity to respond to the APSI, which satisfied the due process requirements. Accordingly, the district court dismissed Sanchez's second amended petition for post-conviction relief. Sanchez timely appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

Sanchez argues that the district court erred in dismissing his petition for post-conviction relief. Specifically, Sanchez alleges that the district court erred because: (1) the time for filing a

petition for post-conviction relief should have been tolled as to his untimely claims; (2) the trial court's relinquishment of jurisdiction violated his Fourteenth Amendment due process rights; (3) the trial court's relinquishment of jurisdiction violated his Sixth Amendment rights; (4) his Rule 35 counsel provided ineffective assistance during the Rule 35 proceedings; and (5) the district court wrongly prohibited him from raising a claim of actual innocence and declined to consider evidence to support this claim during the evidentiary hearing.

**A.** **Sanchez Waived His Claim That His Letter to His Attorney Equitably Tolled His Time to File Post-Conviction Claims Alleging Ineffective Assistance of Trial Counsel**

Sanchez argues the district court erred when it found his claims of ineffective assistance of trial counsel were untimely because the time for filing his petition to allege such claims should have been equitably tolled from the date he sent his trial counsel a letter requesting relief from his judgment of conviction. Sanchez alleges Idaho courts are too restrictive in the application of equitable tolling to the one-year statute of limitation for post-conviction and the federal doctrine of equitable tolling, as it applies to federal habeas corpus proceedings, should apply instead. Applying the federal standard, Sanchez argues the letter he sent to his trial counsel equitably tolled the time for filing a timely post-conviction claim alleging ineffective assistance of trial counsel because Sanchez requested relief from his judgment of conviction. Based on that request, Sanchez alleges his trial counsel should have filed a post-conviction petition in addition to the Rule 35 motion that counsel did file. In response, the State makes three arguments. First, the State asserts the district court did not err by finding Sanchez's claims related to ineffective assistance of trial counsel were untimely. Second, the State contends that because Sanchez raises his tolling argument for the first time on appeal, he has waived the argument. Finally, the State contends that even if this Court considers the merits of Sanchez's equitable tolling claim, Sanchez is not entitled to equitable tolling under Idaho law.

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744

5

(Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

Here, Sanchez did not raise his claim related to equitable tolling to the district court. In fact, at the evidentiary hearing, the only time Sanchez discussed the potential issues concerning the statute of limitation, he did not put forth any argument:

> Court: Did you want to respond to [the State's assertion that the claims related to ineffective assistance of trial counsel are untimely]?
> Sanchez: Is it all right if I just ask a question, a clarifying question?
> It's my understanding that what we are talking about is that any issues of whether or not I'm actually guilty, factual innocence are outside of the statute of limitations? Is that what is going on here?
> Court: Your allegations that your counsel, his performance was deficient would start from the date of the judgment of conviction with regard to his representation.
> Sanchez: Okay. I see.
> Court: Because you had another attorney, then, for the Rule 35.
> Sanchez: Okay. Yes, I understand that.
> All right. Thank you.
> Court: Okay. Did you want to make any argument or just--
> Sanchez: I'm not sure how to argue that.
> Court: Okay. Why don't we take a brief recess and I'll come back.

Thus, Sanchez's argument that his letter to counsel should have tolled the time for filing a petition for post-conviction relief was not raised below. Accordingly, Sanchez waived the claim on appeal.

However, even if Sanchez did not waive the tolling argument by not raising it below, his claim would fail. The time limitation of Idaho's Uniform Post-Conviction Procedures Act (UPCPA) may be enlarged if the petitioner has been effectively denied access to the courts, undermining the petitioner's due process rights. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). In Idaho, courts have recognized equitable tolling of the statute of limitation for filing a post-conviction relief petition where: (1) the petitioner was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho

legal materials; and (2) mental disease and/or psychotropic medication renders a petitioner incompetent and prevents the petitioner from earlier pursuing challenges to his conviction. *Id.*

Sanchez appears to acknowledge that he is not entitled to tolling of the post-conviction statute of limitation under Idaho law. Rather, Sanchez alleges that because he wrote a letter to trial counsel within the one-year timeframe advising trial counsel that he desired relief from the judgment of conviction, his trial counsel should have recognized that this necessitated both the filing of a Rule 35 motion and a petition for post-conviction relief. Therefore, his trial counsel's failure to file a post-conviction petition constituted ineffective assistance of counsel. Sanchez's argument is predicated entirely upon federal habeas corpus law, which is not applicable to a decision that rests upon state law. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) (holding equitable tolling "asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law"). Instead, Idaho post-conviction claims are governed by the UPCPA. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). Idaho has articulated a one-year statute of limitation for filing an appeal. I.C. § 19-4902(a). As a result, for Sanchez's post-conviction claims related to ineffective assistance of trial counsel to be timely, Sanchez must have filed his petition within one year of the expiration of time to appeal from his criminal case. Because it is uncontested that Sanchez did not, the district court did not err by finding Sanchez's claims related to ineffective assistance of trial counsel were procedurally barred by the statute of limitation.

**B.      The Trial Court's Relinquishment of Jurisdiction Did Not Violate Sanchez's Due Process Rights**

Sanchez alleges the district court erred in dismissing his claim that the trial court violated his due process rights when it relinquished jurisdiction. Sanchez argues that he did not receive adequate notice when the Department presented him with the APSI and he should have been provided the opportunity to present evidence, rebut testimony, and call witnesses before the trial court relinquished jurisdiction. In response, the State asserts that Sanchez was afforded the process he was due before the relinquishment of jurisdiction and therefore the district court did not err by dismissing this claim.

Due process protections are implicated only where a government decision deprives an individual of a liberty or property interest within the meaning of the Fourteenth Amendment's Due Process Clause. U.S. CONST. amend. XIV; *State v. Rogers*, 144 Idaho 738, 741, 170 P.3d

881, 884 (2007). To determine whether an individual's due process rights have been violated, courts must engage in a two-step analysis. *Bradbury v. Idaho Judicial Council*, 136 Idaho 63, 72-73, 28 P.3d 1006, 1015-16 (2001). The Court must first decide whether the individual's threatened interest is a liberty or property interest under the Fourteenth Amendment. *Id.* at 73, 28 P.3d at 1016. Only after the court finds a liberty or property interest has been threatened will the court reach the next step of analysis in which it determines what process is due. *Id.*

To have a constitutionally protected liberty interest, a person must have more than an abstract need, desire, or unilateral expectation of an outcome and, instead, must have a legitimate claim of entitlement to it. *State v. Coassolo*, 136 Idaho 138, 143, 30 P.3d 293, 298 (2001). The mere possibility that a sentence could be suspended or reduced is not a recognized protected liberty interest because "[w]hen the state has not given back a liberty interest, no due process is necessary to continue the denial of the liberty interest." *Id.* Therefore, an inmate's hope or expectation of probation at the end of a retained jurisdiction period is not a liberty interest protected by the Due Process Clause. *Id.*

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The Department's recommendation to relinquish jurisdiction or to grant probation is purely advisory and is in no way binding upon the court's decision. *Coassolo*, 136 Idaho at 143, 30 P.3d at 298. Since a trial court need not follow the recommendation of the Department and the ultimate decision is discretionary, the chance of probation based upon the Department's recommendation "is at most a mere possibility or a coveted goal." *Id.* (internal quotations removed). Moreover, "*Coassolo* unambiguously holds that a defendant is not entitled to an opportunity to respond to information in an APSI upon a review of retained jurisdiction." *State v. Goodlett*, 139 Idaho 262, 265, 77 P.3d 487, 490 (Ct. App. 2003). Consequently, "inmates have *no* due process right to any procedural safeguard in connection with the facility's recommendation or the court's decision whether to grant probation or to relinquish jurisdiction." *Id*. Thus, inmates do not have a constitutionally protected liberty interest in the fairness or accuracy of the Department's report, in the opportunity to make a written response to the report, or to a hearing before the trial court determines whether to relinquish jurisdiction. *Id.* This

8

applies even if an inmate does not receive a copy of the Department's report in time to submit a response in advance of the trial court's decision to relinquish jurisdiction. *Id.* at 265 n.1, 77 P.3d at 490 n.1.

As a result, Sanchez did not have a due process right to an opportunity to respond to the Department's report, present evidence, rebut testimony, and call witnesses before the trial court relinquished jurisdiction. Even so, Sanchez was presented with the APSI, informed that he had the right to submit a written response, signed the document, but did not submit a written response. Accordingly, the district court did not err in determining that the trial court's relinquishment of jurisdiction did not violate Sanchez's due process rights.

## C. Sanchez Did Not Establish a Violation of His Sixth Amendment Rights During the Relinquishment Proceedings

Sanchez argues the district court erred by dismissing his claim that the trial court violated his Sixth Amendment rights during the relinquishment proceedings. Sanchez alleges that he was entitled to have facts found beyond a reasonable doubt by a jury before the trial court could relinquish jurisdiction, so the trial court erred when it independently determined, based on a preponderance of the evidence, that Sanchez was not a suitable candidate for probation. In response, the State contends the relinquishment proceeding did not implicate Sanchez's right to a jury trial because the trial court did not make factual findings that changed the legal range of punishment already authorized by Sanchez's earlier guilty plea.

The Fifth and Sixth Amendments to the United States Constitution "ensure that the government must prove to a jury every criminal charge beyond a reasonable doubt." *United States v. Haymond*, ___ U.S. ___, ___, 139 S.Ct. 2369, 2376 (2019). Therefore, courts have consistently held that a jury must find beyond a reasonable doubt every fact which the law makes essential to a punishment that a judge might later seek to impose. *Id.* This does not mean a jury must find every fact that may affect the trial court's exercise of discretion within the range of punishments authorized by the jury's verdict; but it does mean that a jury must find any facts that expose the defendant to a greater punishment than that previously authorized. *Id.* at ___, 139 S.Ct. at 2380.

Generally, the constitutional protections required at sentencing are not applicable to the retained jurisdiction program because sentencing occurs before the period of retained jurisdiction, not when jurisdiction is relinquished. *Coassolo*, 136 Idaho at 142-43, 30 P.3d at 297-98. Because "termination of the retained jurisdiction is neither an imposition of sentence

9

nor revocation of a probation," *State v. Bell*, 119 Idaho 1015, 1017, 812 P.2d 322, 324 (Ct. App. 1991), a court's relinquishment of jurisdiction does not expose the defendant to greater punishment, rather it imposes the sentence already ordered. *See id.* at 1018, 812 P.2d at 325 (holding effect of order relinquishing jurisdiction was to execute sentence previously imposed); *see also State v. Ditmars*, 98 Idaho 472, 474, 567 P.2d 17, 19 (1977) (holding retained jurisdiction suspends execution of already imposed sentence and relinquishment of jurisdiction effectuates execution of sentence).

Sanchez incorrectly relies upon *Haymond* to support his proposition that the Sixth Amendment requires a jury to find every fact used by the district court to support its decision to relinquish jurisdiction. *Haymond* concerned a statute that mandated federal courts to impose an additional prison term of at least five years and up to life, without regard to the length of the prison term authorized for the defendant's initial crime of conviction, for certain violations of conditions of supervised release. *Haymond*, ___ U.S. at ___, 139 S.Ct. at 2374. The violation needed only to be found by the court, not the jury, and be proven by a preponderance of the evidence, not beyond a reasonable doubt. *Id.* Because of this statutory scheme, when Haymond violated the conditions of his supervised release, he faced an enhancement of his previously entered sentence beyond that previously authorized by the jury's verdict. *Id.* at ___, 139 S.Ct. at 2375. The Court held the statute was unconstitutional because the facts found by the trial court to justify imposition of the enhanced sentence were facts that were not found by a jury and were only established by a preponderance of the evidence, but increased the legally prescribed range of allowable sentences in violation of the Fifth and Sixth Amendments. *Id.* at ___, 139 S.Ct. at 2378. Nonetheless, the Court differentiated between this unconstitutional statute and the general practice of imposing a previously lawfully ordered sentence; when a court imposes the term of imprisonment already authorized by the jury's verdict, this does "not usually implicate the historic concerns of the Fifth and Sixth Amendments." *Id.* at ___, 139 S.Ct. at 2377.

Here, because the trial court's relinquishment of jurisdiction did not increase the previously imposed sentence beyond its lawful limit, the Sixth Amendment right to have a jury find facts beyond a reasonable doubt did not apply. The trial court did not err by exercising its discretion to relinquish jurisdiction based on its determination that Sanchez was not a suitable candidate for probation because of his failure to successfully complete the programing requirements.

**D.      Sanchez Waived His Claim of Ineffective Assistance of Rule 35 Counsel**

Sanchez argues the district court erred in dismissing his claim that his Rule 35 counsel rendered ineffective assistance by failing to submit an affidavit from Sanchez's son in support of the Rule 35 motion. Sanchez contends his son attested that he was not injured by Sanchez during the underlying event and the affidavit was akin to a victim impact statement. In response, the State argues Sanchez waived his claim regarding his Rule 35 counsel's failure to file the affidavit from Sanchez's son by not raising this argument to the district court. Alternatively, the State asserts the district court did not err by dismissing this claim because Sanchez did not establish his counsel's failure to include the affidavit prejudiced the outcome of the Rule 35 proceedings.

In Sanchez's second amended petition for post-conviction relief, Sanchez does not allege his Rule 35 counsel rendered ineffective assistance of counsel for failing to include the affidavit from his son. Instead, Sanchez asserted that his Rule 35 counsel's advocacy fell below the objective standard of reasonableness because counsel failed to attach evidence of Sanchez's medical issues that impacted Sanchez's failure to complete his rider programming. Therefore, Sanchez's second amended petition did not raise a claim related to his Rule 35 counsel's alleged failure to submit an affidavit from Sanchez's son asserting that he did not sustain any injury from Sanchez. Moreover, the affidavit Sanchez attached to the petition contained no reference to an affidavit from his son. At the evidentiary hearing on Sanchez's petition for post-conviction relief, Sanchez only alleged that his Rule 35 counsel filed a "boilerplate" Rule 35 motion, not that Rule 35 counsel was ineffective for failing to file the affidavit from Sanchez's son for consideration in the Rule 35 motion. This is not surprising as the affidavit from Sanchez's son provided in the record on appeal postdates the Rule 35 hearing. Accordingly, Sanchez waived the issue.

Even if Sanchez had preserved his claim by raising it to the district court, he has not shown that the district court erred in dismissing this claim. A claim of ineffective assistance of counsel may properly be brought under the UPCPA. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective

11

standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Here, Sanchez only asserts that his Rule 35 "counsel's failure to present this information by affidavit fell below the objective standard of reasonableness necessary to sustain a claim of ineffective assistance of counsel." Sanchez does not establish he was prejudiced by the failure to include the affidavit because he provides no allegation or argument that the inclusion of the affidavit would have created a reasonable possibility that the outcome of the Rule 35 hearing would have been different. Because Sanchez fails to provide argument or authority in support of the prejudice prong, his claim fails on appeal. *See id.* at 128, 937 P.2d at 440.

E.     The District Court Did Not Err by Prohibiting Sanchez From Raising A Claim of Actual Innocence

Finally, Sanchez argues the district court erred in barring his claim of actual innocence during the evidentiary hearing on his second amended petition for post-conviction relief. Sanchez concedes that this claim was outside the statute of limitation. However, he alleges that because a court may grant relief for claims filed outside the statute of limitation and manifest injustice would result if he was not allowed to bring this claim, the district court erred in finding this claim was time-barred. Additionally, Sanchez asserts the district court erred by not considering the affidavit from Sanchez's son during the evidentiary hearing. Sanchez argues the affidavit supported his claim of actual innocence and, pursuant to *Marr v. State*, 163 Idaho 33, 408 P.3d 31 (2017), the district court may consider affidavits that are not admitted at the evidentiary hearing. In response, the State contends the district court properly restricted its consideration of claims and supporting evidence to the claims Sanchez raised in his second amended petition for post-conviction relief. As Sanchez's claim of actual innocence was not before the district court during the evidentiary hearing, the State reasons the district court did not err. Further, the State alleges Sanchez never properly presented his son's affidavit to the district court, so the court did not err by not considering it. Alternatively, the State argues that even if the district court did err by not considering the affidavit, the error was harmless because the claim to which the affidavit pertained, Sanchez's actual innocence, was not before the court.

12

### 1. Sanchez waived his assertion that the district court erred in finding his claim of actual innocence was untimely

"[A]lthough post-conviction relief actions emerge from a criminal case, they are new actions, separate from the criminal prosecution, and are civil in nature." *Anderson v. State*, 133 Idaho 788, 791, 992 P.2d 783, 786 (Ct. App. 1999). Idaho law does not preclude a court from granting relief to a petitioner who files a petition beyond the one-year deadline for post-conviction actions. *Windom v. State*, 162 Idaho 417, 422, 398 P.3d 150, 155 (2017). As previously discussed, under certain circumstances the period for filing a post-conviction petition may be tolled. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206. Additionally, because there may be claims that are not known to the defendant within the time limit for filing post-conviction petitions, courts have recognized that "there must be a reasonable time beyond that deadline within which claims can be asserted once they are known." *Windom*, 162 Idaho at 422, 398 P.3d at 155. However, as civil actions, post-conviction relief proceedings are generally governed by the Idaho Rules of Civil Procedure. I.C.R. 39. "Under the civil rules, compliance with the governing statute of limitations is not a requirement for subject matter jurisdiction; rather, the time bar of the statute of limitations is an affirmative defense that may be waived if it is not pleaded by the defendant." *Anderson*, 133 Idaho at 791, 992 P.2d at 786; *see also* I.R.C.P. 8(c). In post-conviction actions, "compliance with the governing statute of limitations is not a requirement for subject matter jurisdiction; rather, the time bar of the statute of limitations is an affirmative defense that may be waived if it is not pleaded by the defendant." *Cole v. State*, 135 Idaho 107, 110, 15 P.3d 820, 823 (2000). Thus, if the State fails to raise the statute of limitation as an affirmative defense, the district court may properly consider the claims raised in the petition despite the petitioner commencing the action outside the limitation period. *Id.*

Here, however, the State timely asserted that the statute of limitation barred Sanchez's claim related to his actual innocence. On appeal, Sanchez does not dispute that his claim was untimely but instead claims that this should not have precluded the district court from granting relief. However, Sanchez does not provide any argument or authority for why the district court should have granted him relief beyond that the substance of the claim pertains to his "actual innocence" of the crime he pled guilty to. Without such argument and authority, Sanchez waives consideration of the issue on appeal. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (where appellant fails to assert assignments of error with particularity and support position with sufficient authority, those assignments of error are too indefinite to be heard).

**2. Even if Sanchez's actual innocence claim was not untimely, the district court did not err by not considering the affidavit from Sanchez's son to support Sanchez's claim of actual innocence**

Even if Sanchez's actual innocence claim was not untimely, the district court did not err by not considering the affidavit from Sanchez's son to support the claim. Sanchez's actual innocence claim was beyond the scope of the evidentiary hearing and was therefore not before the district court for consideration. Sanchez raised this claim in his initial, pro se petition for post-conviction relief, stating that "NO CHILD WAS INJURED" in the underlying events that resulted in Sanchez's guilty plea. Sanchez filed a second amended petition and attempted to incorporate the claims asserted in his pro se petition by reference. However, the district court struck the claims Sanchez attempted to incorporate by reference and gave him the opportunity to file an additional amended petition. Sanchez did not challenge the district court's decision to strike the claims below and does not challenge it on appeal, nor did Sanchez file an additional amended petition. Accordingly, at the evidentiary hearing on the second amended petition, because Sanchez's claims in his initial pro se petition were not incorporated by reference, no claim of actual innocence was before the district court for consideration. Thus, the district court did not err by not considering evidence in support of Sanchez's claim.

## IV.

## CONCLUSION

Sanchez has not established that the district court erred in dismissing his second amended petition for post-conviction relief. First, Sanchez waived his claim that his letter to his attorney should have tolled the time for filing a petition for post-conviction relief because he did not raise the claim to the district court. Second, the trial court's relinquishment of jurisdiction did not violate Sanchez's Due Process or Sixth Amendment rights. Third, Sanchez waived his claim of ineffective assistance of Rule 35 counsel by not raising the claim to the district court. Finally, the district court did not err by prohibiting Sanchez from raising a claim of actual innocence and not considering evidence to support this claim. Accordingly, the district court's order dismissing Sanchez's second amended petition for post-conviction relief is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.