**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43016**

| | | |
|---|---|---|
| **THOMAS ZACHARY ALEX PAULK,** | ) | **2016 Unpublished Opinion No. 565** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: June 14, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

———————————————————

GUTIERREZ, Judge

Thomas Zachary Alex Paulk appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Paulk specifically argues the district court erred in dismissing his petition because, while the petition was filed outside the statute of limitation, the statute of limitation should be equitably tolled. Paulk reasons that the district court misled and prevented him from filing a timely petition. For the reasons explained below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Paulk guilty of forcible sexual penetration by use of a foreign object. Paulk appealed his sentence, and this Court affirmed the district court's denial of Paulk's Idaho Criminal Rule 35 motion for reduction of sentence. This Court issued a remittitur on October 9, 2013. Pursuant to Idaho Appellate Rule 38, and on October 10, 2013, the clerk of the court

1

emailed a copy of the remittitur to counsel of record, the district court clerk, and the district judge. According to the register of actions, the district court did not file the remittitur until November 14, 2013.

Paulk signed and mailed a petition for post-conviction relief on October 28, 2014. The petition was filed on November 3, 2014. Because the petition was filed more than a year after the remittitur was issued, the district court summarily dismissed Paulk's petition. Paulk appeals from the district court's summary dismissal of his petition.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible

2

evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App.

1992).  The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later.  I.C. § 19-4902(a).  The appeal referenced in that section means the appeal in the underlying criminal case.  *Freeman*, 122 Idaho at 628, 836 P.2d at 1089.  The failure to file a timely petition is a basis for dismissal of the petition.  *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

The limitation period begins to run, after an unsuccessful appeal, when the Idaho Supreme Court or the Idaho Court of Appeals issues a remittitur.  *Cochran v. State*, 133 Idaho 205, 206, 984 P.2d 128, 129 (Ct. App. 1999).  Here, this Court issued a remittitur in Paulk's underlying criminal case on October 9, 2013.  Thus, the one-year limitation period for the post-conviction proceeding began on October 9, 2013.  Over one year later, on October 28, 2014, Paulk signed and mailed his petition for post-conviction relief.  The district court filed the petition on November 3, 2014.  Paulk argues that because the district court's late filing and the register of actions misled him to believe that the remittitur was issued on November 14, 2013, the district court erred in summarily dismissing his petition on the basis of being untimely.  Paulk maintains the statute of limitation period should be equitably tolled.

Equitable tolling is "borne of the petitioner's due process right to have a meaningful opportunity to present his or her claims." *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009).  This Court has recognized instances of equitable tolling where the petitioner was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials and where mental disease and/or psychotropic medicine renders a petitioner incompetent and prevents petitioner from earlier pursuing challenges to his conviction.  *Rhoades*, 148 Idaho at 251, 220 P.3d at 1070; *Sayas*, 139 Idaho at 960, 88 P.3d at 779.  Additionally, in some circumstances, commencement of the limitation period may be delayed until the petitioner discovers the facts giving rise to the claim.  *See Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007).  Courts generally have applied equitable tolling only in rare and exceptional circumstances beyond the petitioner's control that have prevented him from filing a timely petition.  *Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005).  Therefore, the bar for equitable tolling for post-conviction actions is high.  *Id.*

Paulk contends that because the register of actions indicated the remittitur was issued on November 14, 2013, rare and exceptional circumstances beyond his control prevented him from filing a timely petition. However, none of the three instances of equitable tolling are present here. Paulk was not incarcerated in an out-of-state facility, nor does Paulk claim to have a mental disease or medication that renders him incompetent. Finally, Paulk does not raise a newly discovered evidence claim. We decline to recognize a new instance of equitable tolling to accommodate Paulk's circumstances. Moreover, on October 10, 2013, the day after this Court issued its remittitur, the clerk of the court emailed a copy of the remittitur to counsel of record, the district court clerk, and the district judge. Paulk's attorney was therefore informed that the remittitur was issued on October 9, 2013. A possible lapse in communication between Paulk's attorney and Paulk does not create a rare and exceptional circumstance beyond Paulk's control that prevented him from filing a timely petition, nor does the lack of communication fit into the three recognized instances of equitable tolling. Thus, the district court did not err in summarily dismissing Paulk's petition for post-conviction relief because it was untimely.

### III.

### CONCLUSION

The district court did not err in summarily dismissing Paulk's petition for post-conviction relief because the petition was untimely, and none of the three instances of equitable tolling are applicable. We therefore affirm the district court's judgment summarily dismissing Paulk's petition.

Judge GRATTON and Judge HUSKEY **CONCUR**.

5